**In re SETON–SCHERR, INC., dba Voss Finned Tube Products, Debtor.**

**Bankruptcy No. 582–1631.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 21, 1983.
Findings as to Certification Jan. 25, 1983.

Baker & Hostetler, Cleveland, Ohio, for Huntington Bank.

Thompson, Hine & Flory, Cleveland, Ohio, for debtor.

### PROCEDURE MEMORANDUM

H.F. WHITE, Bankruptcy Judge.

On January 10, 1983, this Court entered an Order, on an emergency basis, authorizing the use of cash collateral by Seton-Scherr, Inc. The matter was then certified by this Bankruptcy Judge to the District Court for its approval. The order was so approved by the District Court Judge in an order entered that same date.

Due to the alleged emergency and the late hour when the order was presented to

5. *See* note 3 *supra* and accompanying text.

the Bankruptcy Court, this Court had no opportunity to issue a finding relative to the order. Because of the extreme importance of the issues presented by the cash collateral order and due to the fact that the procedure followed with regard to this order should not be made the normal procedure to be followed in the future, this Court has determined that a memorandum in this case is necessary.

In *Northern Pipeline Construction Co. v. Marathon Pipeline Company*, —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the United States Supreme Court held that the grant of jurisdiction to the Bankruptcy Court under Section 241(a) of the Bankruptcy Act of 1978, 28 U.S.C. Section 1471, was unconstitutional insofar as it violated the tenure and salary requirements of Article III of the U.S. Constitution. A stay of the decision was granted until October 4, 1982 so as to allow Congress an opportunity to make revisions to the bankruptcy laws. That stay was then extended until December 24, 1982 upon request of the U.S. Justice Department.

Despite the six-month hiatus, Congress failed to revise the bankruptcy laws prior to December 24, 1982. In order to allow the Bankruptcy Courts to continue to operate in an orderly fashion, a rule was promulgated by the Judicial Conference of the United States and thereafter adopted, in substantially similar form, in each federal judicial district. This emergency rule for the Bankruptcy Court's procedure, as adopted by the judges of this district and signed by Chief Judge Frank Battisti, provides authority for the continued operation of this court and further provides a means for disposition of those cases which, under *Northern Pipeline,* may not be heard by the Bankruptcy Courts.

The emergency rule speaks in terms of two separate matters of action in a bankruptcy case. The first, to which no name is ascribed, is those matters in which the Bankruptcy Court has power to perform "all acts and duties necessary for the handling of those cases and proceedings..." rule Section d(1). The second type of proceedings is denominated "related proceedings". "Related proceedings" "are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court". In a related proceeding, a bankruptcy judge may only propose a finding and order. Judgment and a dispositive order are to be entered by the District Court upon review of the Bankruptcy Court's finding, unless the parties consent to a dispositive decision by the Bankruptcy Court.

Review of a Bankruptcy Judge's finding may be had in three ways:

1) appeal from an order or final judgment when the matter under question was one in which the Rule indicates that final decision is to be made by the Bankruptcy Court;

2) certification of the Bankruptcy Court order to the District Court by the Bankruptcy Judge where the circumstances indicate that the order should be approved by the District Court; or

3) review of a Bankruptcy Court's proposed finding and order in a "related proceeding".

In the instant case, this Court ordered and authorized debtor, Seton-Scherr, Inc., to use cash collateral which was the security for its debt to Huntington Bank fka Union Commerce Bank. Due to the alleged emergency nature of the situation, the Court certified its order to the District Court for approval.

Notwithstanding the fact that this Court utilized the certification method in this case, this Court wishes to indicate that, in the future, its normal practice will be not to certify cash collateral orders to the District Court for approval. The Court so holds for several reasons.

In *Northern Pipeline,* the United States Supreme Court distinguished between those legal rights which it considered to be a part of the "restructuring of debtor-creditor relations" and "at the core of the federal bankruptcy power" and those matters which it considered to be an "adjudication of state-created private rights". See

*Northern Pipeline, supra* at ——, 102 S.Ct. at 2871. Although the issue was not before the Supreme Court, the Court indicated that those legal rights which are "at the core of the federal bankruptcy power" would fall under the "public-rights" doctrine so that the Article III requirement would not have to be satisfied.

■ It is this Court's opinion that a cash collateral order is one which is at the "core of the federal bankruptcy power". The order authorizing the use of cash collateral has no existence outside the confines of the bankruptcy proceeding. Its necessity arises solely due to the debtor's desire to restructure its relations with its creditors through the federal bankruptcy process. 11 U.S.C. Section 363(c)(2)(A), (B).

As such, it is evident that an application for an order authorizing the use of cash collateral does not fall within the definition of "related proceedings". The emergency rule for bankruptcy procedure itself indicates that "related proceedings" do not include "orders in respect to obtaining credit". Rule, Section (d)(3)(A). That language itself may be considered sufficient to indicate that the District Court considered that a cash collateral order is not a "related proceeding".

In light of the fact that a cash collateral order is not a "related proceeding", the cash collateral hearing and order must be considered a matter over which this Court has the authority to "perform all acts and duties necessary". Rule, Section (d)(1). Review by the District Court then may only be had by appeal or certification. Review of the cash collateral order of January 10, 1983 was obtained by means of certification. Certification is not a procedure which is to be routinely invoked as a matter of course.

In many Chapter 11 reorganization cases, cash collateral questions arise on a regular and frequent basis. Indeed, in the instant case, since the filing of the petition on September 21, 1982, this is the fourth order authorizing debtor to use cash collateral. These orders, both initially and as renewed or extended, are often a necessity to the continued operation of a debtor-in-possession. To require the certification to and approval of the District Court on all cash collateral orders of the type filed in this case would place a burden on the District Court to assume the duties of the Bankruptcy Court and would become a routine part of virtually every order which this Court signs. The Ninth Circuit in its explanation of the Emergency Bankruptcy Rule, which is similar to the rule adopted by the Northern District of Ohio, stated:

It is contemplated, however, that this provision will not be routinely invoked. Whether or not to certify a case for review is committed to the discretion of the bankruptcy judge. Such review may be, but is not automatically, expedited pursuant to section (e)(3).

Therefore, certification to the District Court of cash collateral orders would effectively destroy the purpose of the emergency rule under which this Court now operates, which purpose is to ensure that bankruptcy matters are decided by the Bankruptcy Court in all but the unusual case, while only related proceedings obtain the studied review of an Article III Court as required by the emergency rule and the provisions of the Supreme Court's decision in *Northern Pipeline.*

■ This Court therefore determines that orders authorizing the use of cash collateral will not be certified by this Court to the District Court for approval on and after this date without a showing of unusual circumstances as required by paragraph 3 of the emergency rule for bankruptcy procedure.

### FINDING AS TO CERTIFICATION

■ Huntington Bank, formerly known as Union Commerce Bank, (Bank) and Seton-Scherr, Inc., dba Voss Finned Tube Products (Debtor) filed an agreed order authorizing the use of cash collateral, the prior order for cash collateral having expired on January 23, 1983.

The Court approved the current order for use of cash collateral. There was submitted

to this Court a request that this Court certify the cash collateral order to be approved by a United States District Judge. The basis of this request is that the Emergency Rule for Bankruptcy Procedure as adopted by the District Judges of the District Court for the Northern District of Ohio on December 21, 1982 is unconstitutional. Therefore, it is the position of the Bank that unless the District Court approves the Order, said Order is not final and the Bank is unwilling to allow the use of cash collateral as provided for by the Bankruptcy Code. The Court finds that there is no showing of unusual circumstances, this being the fifth cash collateral order requested by the Debtor and the Bank.

This Court issued a Procedure Memorandum on January 21, 1983 which this Court adopts and makes a part of this Finding. There being no showing of unusual circumstances as required by paragraph (e)(B)(3) of the Emergency Rule as adopted by the District Court, this Court determines that said request for certification should be denied.