MEMORANDUM AND ORDER DENYING REQUEST TO CERTIFY MATTER FOR APPROVAL BY DISTRICT JUDGE AND SETTING OBJECTIONS FOR PRETRIAL CONFERENCE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court upon the request of the AmeriTrust Company (AmeriTrust) for certification that circumstances require that a certain "Emergency Interim Order Authorizing Debtor-in-Possession to Incur Secured Debt" (hereinafter the "financing order") entered September 21, 1983 be approved by a district judge and upon objections to such order filed by Kripke-Tuschman Industries, Inc. (Kripke-Tuschman) and the Ohio Edison Company (Ohio Edison). Ohio Edison also objects to an order entered September 22, 1983 granting Armco, Inc. a security interest in Debtor's post petition inventory. Under the circumstances of this case, the Court will deny the request for certification. The objections, however, should be set for pretrial conference.

The Marion Steel Company (Debtor) filed its petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 *et seq.*, on

---

**In re MARION STEEL COMPANY, Debtor.**

**Bankruptcy No. 83–01617.**

United States Bankruptcy Court, N.D.Ohio, W.D.

Nov. 4, 1983.

See also 35 B.R. 188.

September 12, 1983. On September 20, 1983 Debtor filed its "Motion for Emergency Order Authorizing Interim Authority to Borrow on Secured and Priority Basis" which motion was granted in the financing order, *supra,* entered September 21, 1983. On September 22, 1983, on the motion of Armco, Inc. (Armco) for a temporary restraining order and for relief from stay, the Court entered an order (hereinafter "the Armco Order") which, among other things, granted Armco a security interest in Debtor's post petition inventory. By Order of the Court entered September 23, 1983, Debtor's counsel was directed to mail copies of both the above orders to Debtor's 20 largest creditors along with a notice that they had 20 days from the date of mailing thereof to file written objections and request a hearing, if they desired, to contest such orders. On October 3, 1983, Ohio Edison initiated an appeal of both orders to the district court pursuant to 28 U.S.C. § 1334. On October 7, 1983, Kripke-Tuschman filed an objection to the financing order. Finally, on October 13, 1983, Ohio Edison filed objections to both orders.

■ AmeriTrust's request for certification of the financing order to a district judge is made pursuant to Section (e)(2)(A)(ii) of General Order No. 61, "Emergency Rule for Bankruptcy Procedure" (hereinafter the "interim rule") adopted on December 21, 1982 by the United States District Court for the Northern District of Ohio. AmeriTrust asserts such certification is necessary in light of the uncertainty created in the aftermath of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) in which the broad grant of jurisdiction conferred upon the bankruptcy courts under 28 U.S.C. § 1471(c) was declared unconstitutional. Certification is necessary, AmeriTrust asserts, in light of the large amounts of secured borrowings Debtor is permitted to utilize under the financing order and the resultant large secured position AmeriTrust is desirous of protecting. In the opinion of this Court, certification is inappropriate in this case for several reasons: first, the un-

certainty created as a result of *Northern Pipeline* has been at least temporarily eliminated by the adoption of the interim rule and the decision of the United States Court of Appeals for the Sixth Circuit in *White Motor Corp. v. Citibank,* 704 F.2d 254 (1983) (upholding the validity of the interim rule); second, as a policy matter, routine certification of a financing order, which is not a "related proceeding" under the interim rule, should not be undertaken due to the unnecessary delay and waste of judicial resources it involves; and finally, certification is inappropriate in this case since, by virtue of the timely objections filed thereto by Kripke-Tuschman and Ohio Edison, these orders may subsequently be modified by order of this Court.

The objections and appeals of the above orders to one side, the request for certification raises the issue of the authority of the bankruptcy court to enter such orders in the first instance. In *Northern Pipeline* the Supreme Court held unconstitutional 28 U.S.C. § 1471(c) conferring direct, nonderivative, bankruptcy jurisdiction on the bankruptcy courts. *See White Motor Corp. v. Citibank, supra,* 704 F.2d at 255. Under 28 U.S.C. §§ 1471(a) and (b) and the old 28 U.S.C. § 1334, which remains effective until April 1, 1984 under § 402(b) of the Bankruptcy Reform Act of 1978, however, the district courts may adjudicate bankruptcy proceedings filed after December 24, 1982. *White Motor, supra,* 704 F.2d at 261. Furthermore, in *White Motor,* the controlling authority in this circuit has upheld the authority of the Article III judges in this district to implement a general order of reference to the bankruptcy judges of this district, pursuant to section (c)(1) of the interim rule, of "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11":

> The district courts have both the authority to adopt the interim rule and the obligation to provide for the continuing orderly conduct of bankruptcy proceedings. We hold that the interim rule does not violate federal statutory and constitutional principles and does not conflict with

the Supreme Court's ruling in *Northern Pipeline.* Rather, the rule adhers as closely as possible, within the constitutional limitations announced in *Northern Pipeline,* to the structure of the bankruptcy system which Congress established in the 1978 Act.

*White Motor, supra,* 704 F.2d at 261. Thus, whatever uncertainty formerly existed over the jurisdiction of the bankruptcy judges in the aftermath of *Northern Pipeline* after the expiration of the stay of that decision on December 24, 1982, in the light of the continuing validity and effectiveness of the interim rule until Congress enacts appropriate remedial legislation or until March 31, 1984, whichever first occurs, the derivative jurisdiction of this Court to enter the order in question in the first instance seems settled.

Given the validity of the interim rule, however, the question remains as to the propriety of certification of the financing order under section (e)(2)(A)(ii) of the interim rule. Reproduced below, in addition to the section in question, are the various relevant provisions of the interim rule necessary to a determination of this issue:

Section (d) and (e)(1) and (2) detail the heart of the interrelationship between the district and bankruptcy court under the interim rule:

(d) Powers of Bankruptcy Judges

(1) The Bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct:

(A) a proceeding to enjoin a court;

(B) a proceeding to punish a criminal contempt—

(i) not committed in the bankruptcy judge's actual presence; or

(ii) warranting a punishment of imprisonment;

(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge; or

(D) jury trials.

Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge.

(2) Except as provided in (d)(3), orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the bankruptcy judge or a district judge.

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by an estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

(e) District Court Review.

(1) A notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an

application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order. As modified by sections (e)2A and B of this rule, the procedures set forth in Part VIII of the Bankruptcy Rules apply to appeals of bankruptcy judges' judgments and orders and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges. Modification by the district judge or the bankruptcy judge of time for appeal is governed by Rule 802 of the Bankruptcy Rules.

(2)(A) A district judge shall review: (i) an order or judgment entered under paragraph (d)(2) if a timely notice of appeal has been filed or if a timely application for leave to appeal has been granted;

(ii) an order or judgment entered under paragraph (d)(2) if the bankruptcy judge certifies that circumstances require that the order or judgment be approved by a district judge, whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed; and

(iii) a proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed.

(B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

AmeriTrust has requested certification of the financing order under section (e)(2)(ii) of the interim rule. Under this section, the bankruptcy judge may certify that circumstances require either of the following types of orders be reviewed by a district judge: (1) an order or judgment entered by a bankruptcy judge in a proceeding which is not a "related proceeding"; and (2), an order or judgment in a "related proceeding" where the parties have consented to entry of the order or judgment by the bankruptcy judge under section (d)(3)(B) of the interim rule. Furthermore, this power may be exercised "whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed."

■ The financing order in issue is not a "related proceeding" as that term is defined in section (d)(3)(A) of the interim rule. Related proceedings, under this definition, "are those proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court." The authority for issuance of the financing order in question lies exclusively under the provisions of § 364 of the Bankruptcy Code. Thus, in the absence of a petition in bankruptcy, this proceeding *could not* have been brought in a district court or a state court, and it is not, therefore, a "related proceeding." Furthermore, under the third sentence of section (d)(3) of the interim rule a "related proceeding" specifically does not include "orders in respect to obtaining credit."

The financing order in question, not being a "related proceeding", is thus within the scope of "traditional" bankruptcy proceedings such as the items listed in section (d)(3)(A) of the interim rule. Pursuant to section (d)(2) of the interim rule, orders or judgments entered by a bankruptcy judge in such matters are effective upon entry. *White Motor, supra,* 704 F.2d at 256. Although section (e)(2)(A)(ii) grants the bankruptcy judge the discretion to certify matters of this nature for approval by a district judge in appropriate "circumstances", in the opinion of this Court, routine certification of these matters is neither necessary or appropriate under the interim rule.

The avowed purpose of the interim rule is to permit the bankruptcy system to continue without disruption in reliance upon juris-

dictional grants remaining in the law as limited by *Northern Pipeline.* Judicial Conference Resolution (Sept. 23, 1982). In *White Motor, supra,* the Sixth Circuit Court of Appeals determined that "[t]he district courts have both the authority to adopt the interim rule and the obligation to provide for the continuing orderly conduct of bankruptcy proceedings." 704 F.2d at 261. Routine certification of orders of this nature would promote neither of these objectives and, in addition, would place unnecessary burdens on the district courts.

Bankruptcy Judge Harold F. White faced a similar situation in considering certification of a cash collateral order under § 363 of the Bankruptcy code in *In re Seton-Scherr, Inc.,* 26 B.R. 563 (Bkrtcy.N.D.Ohio 1983). After certification of the fourth agreed order authorizing use of cash collateral between debtor and a bank, due to alleged emergency circumstances which precluded a finding relative to such order, Judge White concluded that, in the future, no such certification would be made "without a showing of unusual circumstances." 26 B.R. at 565. As Judge White remarked:

> To require the certification to and approval of the District Court on all cash collateral orders of the type filed in this case would place a burden on the District Court to assume the duties of the Bankruptcy Court and would become a routine part of virtually every order which this Court signs. The Ninth Circuit in its explanation of the Emergency Bankruptcy Rule, which is similar to the rule adopted by the Northern District of Ohio, stated:
>
>> It is contemplated, however, that this provision will not be routinely invoked. Whether or not to certify a case for review is committed to the discretion of the bankruptcy judge. Such review may be, but is not automatically, expedited pursuant to section (e)(3).
>
> Therefore, certification to the District Court of cash collateral orders would effectively destroy the purpose of the emergency rule under which this Court now operates, which purpose is to ensure that bankruptcy matters are decided by the

Bankruptcy Court in all but the unusual case, while only related proceedings obtain the studied review of an Article III Court as required by the emergency rule and the provisions of the Supreme Court's decision in *Northern Pipeline.*

26 B.R. at 565. This Court concurs in the analysis employed by Judge White in declining certification of the financing order in this case in the absence of a showing of unusual circumstances. Furthermore, since *Seton-Scherr, Inc., supra,* even more compelling reasons exist now to follow such policy in light of the determination of the validity of the interim rule in *White Motor Corp. v. Citibank, supra.*

Further reason for denying the request for certification in this case exists, however, in light of the interlocutory nature of both the financing order and the Armco Order. More specifically, as indicated earlier, both orders in this case may be subject to modification in light of the objections thereto filed by Kripke-Tuschman and Ohio Edison. It seems incongruous to certify that a district judge shall review and approve such orders while simultaneously setting a hearing to consider grounds for modification of such orders. Thus, at least some of the purposes of the final judgment rule, *see Wright, Miller & Cooper,* Federal Practice and Procedure: Jurisdiction § 3907, militate against certification in this case. In particular, in the present case certification may involve a substantial waste of judicial and party resources.

For all the reasons referred to above, it is hereby,

ORDERED that the request of the AmeriTrust Company that this Court certify that circumstances require this Court's "Emergency Interim Order Authorizing Debtor-in-Possession to Incur Secured Debt" entered September 21, 1983 be reviewed and approved by a district judge be, and hereby is, denied. It is further,

ORDERED that the objections filed by Kripke-Tuschman, Inc. and the Ohio Edison Company to the "Emergency Interim Order Authorizing Debtor-in-Possession to Incur

Secured Debt" entered September 21, 1983 and to the order entered September 22, 1983 granting Armco, Inc. a security interest in Debtor's post petition inventory be set for pretrial conference on Wednesday, January 4, 1984 at 2:00 o'clock P.M., Courtroom No. 1, Room 103, United States Court House, 1716 Spielbusch Avenue, Toledo, Ohio.