**In re John Rodney McFADYEN, SSN 571–80–2320, Donna McFadyen, SSN 518–90–6598, Debtors.**

**John R. ROBERTS, Trustee of the Bankruptcy Estate of McFadyen, Plaintiff,**

v.

**William Sing MOCK et al., Defendants.**

**No. 92–1011–WBS.**
**No. CIV. S–92–1011 WBS.**

United States District Court,
E.D. California.

Sept. 30, 1992.

Adleson, Hess, Christensen & Kelly, Patric J. Kelly, Duane W. Shewaga, San Jose, Cal., for defendants.

Jon L. Zitomer, Zitomer & Roberts, Cameron Park, Cal., for plaintiff.

## OPINION

SHUBB, District Judge.

This is an appeal pursuant to 28 U.S.C. § 158(a) by William Sing Mock and Young Kay Mock in their individual capacities and as Trustees under a Trust Agreement dated September 4, 1984 (hereinafter "defendants") from an order of the United States Bankruptcy Court denying defendants' motion for mandatory abstention under 28 U.S.C. § 1334(c)(2).

## I. BACKGROUND

In June of 1985, defendants engaged in an Internal Revenue Code § 1031 exchange agreement, as a result of which they became the owners of certain real property located at 7217 Greenback Lane, Sacramento, California (hereinafter "property") and individually assumed a promissory note payable to the debtors John and Donna McFadyen (hereinafter "debtors"). Complaint, ¶ 10. The note was secured by a deed of trust on the property. Complaint, ¶ 11. As part of the same transaction, the property was leased by the defendants to Burgers, Bakery & Beverages, Inc. (hereinafter "B, B & B"), a corporation wholly owned by the debtors. Complaint, ¶ 21. The parties agreed in the note that payments due under the note could be withheld from the debtors if the lease payments were not made to the defendants under the lease with B, B, & B.[1]

On July 24, 1987, the debtors filed for Chapter 11 bankruptcy in bankruptcy court. After defaulting on its lease payment in December of 1986, B, B & B filed its Chapter 11 bankruptcy on November 4, 1987. Both cases were then converted to Chapter 7 and consolidated. John R. Rob-

---

1. The Promissory note provides in pertinent part:

The Promisor and Promisee of this Promissory Note have entered into a lease for the premises known as 7217 Greenback lane, Citrus Heights, California. If the Promisee is in default under the terms of the Lease, the Promisor as Lessor may, at his option, withhold from any sums otherwise due to the Promisee hereunder any sums then owed to Promisor as lessor under the Lease and/or any damages then suffered by Promisor as

erts (hereinafter "trustee") was appointed as the Chapter 7 trustee in both cases.

Trustee filed an adversary proceeding to collect on the note or foreclose on the property on February 2, 1992. Trustee also sought a declaratory relief judgment determining the right of the defendants to fully discharge the promissory note secured by the deed of trust because of lease payments due from the debtors to the defendants. On April 3, 1992, the defendants filed their motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). On June 3, 1992, the court executed its order denying the defendants' motion. The defendants then filed notice of appeal, and on June 8, filed their application for leave to appeal the bankruptcy court's order denying the defendants' motion for abstention and for a stay pending determination of the appeal. On July 29, 1992, this court granted leave to appeal and stayed the bankruptcy court proceeding until resolution of the appeal.

## II. ANALYSIS

■ Bankruptcy Rule 8013 provides the standard of review to be followed by a district court: "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous...." 11 U.S.C. § 8013 (1992). A district court may freely review a bankruptcy court's conclusions of law. *In Matter of Cabezal Supermarket, Inc.*, 406 F.Supp. 345, 348 (1976).

Title 28 U.S.C. § 1334(b) grants to the district courts subject matter jurisdiction over "all civil proceedings arising under

Title 11, or arising in or related to cases under Title 11." Pursuant to General Order 182, the jurisdictional authority to hear "all cases under Title 11 and all proceedings arising under Title 11, or arising in or related to a case under Title 11...." has been referred to the bankruptcy judges in this district. *See* 28 U.S.C. § 157 (1992). Contemporaneous with this grant of jurisdiction, district courts, and consequently bankruptcy courts, are subject to mandatory abstention rules in some instances, as explicated in 28 U.S.C. 1334(c)(2). This section provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the District Court shall abstain from hearing such proceeding if an action is commenced, and can timely be adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. 1334(c)(2) (1992).

■ In determining whether abstention is required, it is first necessary to determine if the proceeding involved is a "core" proceeding, in which case mandatory abstention rules do not apply, or is a non-core proceeding, in which case these rules are applicable. Section 157(b)(2) attempts to shed light upon the distinction between "core" and "non-core" proceedings by providing a non-exhaustive list of "core" proceedings.[2] Although this list appears to cast an extremely wide net, caselaw, in light of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S.

---

Lessor due to Promisee's default under the Lease. (Defendants' Appendix, P. 20.)

**2.** Section 157(b)(2) provides:

Core proceedings include, but are not limited to—

(A) matter concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate ...;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

**660**

50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), has developed a more precise definition of a "core" proceeding.[3] "Core" proceedings "encompass those proceedings which would not exist at law in the absence of the Bankruptcy Code." *In Re American Energy, Inc.*, 50 B.R. 175, 178 (D.N.D.1985). The term has similarly been defined to include "proceedings which would have no existence outside of a bankruptcy proceeding." *Id.* at 178 (referring to the definition used by the court in *In Re Seton–Scherr, Inc.*, 26 B.R. 563 (Bankr.D.Ohio 1983)). If a determination is made that a proceeding is not a "core" proceeding within the meaning of the section, but is a case related to a case under Title 11, the bankruptcy court must abstain from hearing such a case where a matter would not be within federal jurisdiction absent the related bankruptcy and can be timely resolved in state court. *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468 (N.D.Ill.1985).

■ The underlying action at issue in this case is a judicial foreclosure action by the trustee. The bankruptcy judge who previously heard defendants' motion noted in his recommendation to the district court regarding defendants' application for leave to appeal and for stay pending appeal that had defendants not asserted a right to set-off or recoupment in this action, it would be considered a non-core proceeding likely subject to the mandatory abstention rules of § 1334(c)(2). *See Prairie State Bank v. Allison,* 72 B.R. 476, 478 (D.Kan.1987) (holding that mortgage foreclosure actions are not core proceedings, but merely actions which are otherwise related to cases under Title 11). It is based upon the defendants' counterclaim of a right to set off the

(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of *liens;*
(L) confirmations of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

unpaid rent against the note payments that the bankruptcy court determined that the underlying action at issue was a "core" proceeding. Specifically, the bankruptcy court found that this case arises under Title 11, and thus is a core proceeding, because issues of set-off under 11 U.S.C. § 553 and potential violation of the automatic stay under 11 U.S.C. § 362 are involved.

Defendants contend that their counterclaim is not a set-off right invoking bankruptcy code set-off provisions but is a right of recoupment, which is governed by state law entirely and with respect to which the related bankruptcies have no impact. The crux of defendants' argument is that their counterclaim against the estate is a state law right of recoupment and a recoupment is not subject to the same bankruptcy restrictions as a set-off. Defendants' assertion relies upon the definition of "recoupment" in *In re Matter of Holford,* 896 F.2d 176, 178 (5th Cir.1990), which states: "recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim." (emphasis in original). Defendants argue that their counterclaim falls squarely within the definition of a "recoupment" because their claim against the estate and the estate's claim clearly arose out of the same transaction, the sale and lease-back of the property.

If no bankruptcies had been filed in this case, the debtors would have no apparent defense against the defendants' right to

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

**3.** The Supreme Court in *Marathon* held that the Bankruptcy Act unconstitutionally conferred Article III judicial power to bankruptcy judges by granting the bankruptcy courts jurisdiction to hear a contract claims arising under state law.

offset the note payments they owed with the lease payments owed to them. It is precisely the filing of the bankruptcies, however, that trustee claims alters the defendants' rights. Although defendants' rights here may prove to be a recoupment not effected by the filing of the bankruptcies, this is a decision for another day. All that is at issue here is whether the bankruptcy court must abstain from hearing this case. Although judicial foreclosure is a right created by state law, it is clear that the trustee would have no alleged claim if it were not for the alleged effect the filing of the bankruptcies has had upon the defendants' rights to set-off. Consequently, this proceeding would not exist absent the bankruptcy code and must be considered a "core" proceeding to which mandatory abstention rules are inapplicable.

IT IS THEREFORE ORDERED that the bankruptcy court's order denying defendants' motion for mandatory abstention be, and the same is, hereby AFFIRMED.