In re Robert D. GRIFFIN, aka Robert Dennis Griffin, www Annette C. Griffin, Debtor.

Annette C. GRIFFIN, Plaintiff,

v.

Robert D. GRIFFIN, Defendant.

Bankruptcy No. 82–00595.
Adv. No. A82–0863.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Jan. 13, 1984.

John S. Woodburne, Bellevue, Wash., for defendant Robert D. Griffin.

A. Stevens Quigley, Seattle, Wash., for Annette C. Griffin, plaintiff/appellee.

## MEMORANDUM DECISION

SIDNEY C. VOLINN, Bankruptcy Judge.

This is a dischargeability suit under 11 U.S.C. § 523(a)(5) wherein the divorced wife seeks to enforce payment by the debtor, her former husband, of attorneys' fees in the sum of $15,800 plus interest. I hold the obligation to be nondischargeable.

The case illustrates how economically destructive dissolution proceedings can be. Given the emotional overlay, the costs of such a proceeding, particularly those of attorneys, can mount all out of proportion to the economic circumstances and requirements of the spouses and their children.

When the decree was entered on January 22, 1982, the debtor had gross earnings of $50,000 per year and a net income of $3,000 per month. The parties had been married seven years. Two children were the result of the marriage. The family home was worth about $115,000. There was a net equity of approximately $20,000. The dissolution decree awarded the home to the wife and required that the debtor pay support of $1,200 a month, maintenance of $850 a month, and payments on attorneys' fees, which will be later described, of $400. This left the debtor with a net income to sustain himself of some $550 a month. The total attorneys' fees payable by or allowed against the debtor and the former wife amounted to some $20,000, $14,000 to Mr. Katterheinrich, the wife's attorney, and $6,300 to Roberta Kaiser, a court-appointed attorney for the children.

It is not known whether Mrs. Griffin filed or claimed a homestead exemption, but apparently as a result of billings and insistence by counsel, particularly Mr. Katterheinrich, she was persuaded to sell her home and pay in full the respective fees of Mr. Katterheinrich and Ms. Kaiser. She now seeks an order or judgment holding her claim for attorneys' fees, to the extent she has paid same, nondischargeable.

The findings in the state court dissolution proceeding describe in some detail the

nature and extent of the family relationships, particularly as they involved the children, which brought about the intense litigation in the case.

As to the property aspect of the matter, finding 14 states:

"A disproportionate property distribution is justified under RCW 26.09.090 given the respondent's more substantial earning capacity."

In its conclusion 21 the court stated, after making provisions for maintenance and support, that the community residence would be awarded to the wife, subject to a $5,000 lien to the husband, against which unpaid maintenance and child support could be set off. The wife received other items of personal property of no significant worth. The husband received personal property of no great value except, possibly, whatever interest he had in his pension and profit sharing plan.

Conclusion 26, which was incorporated into the decree, provided that

"Respondent shall pay his own attorney fees incurred in this matter. Respondent shall pay $9,500 of Petitioner's attorney fees incurred in this matter and judgment is entered herein as follows (there then follows provisions as to monthly payments)...

Patricia C. Kaiser is awarded a judgment for attorney fees in the amount of $6,300 against both parties jointly and severally to be paid by respondent with right of indemnity in petitioner..."

## DISCUSSION

### A.

The wife contends that the attorneys' fees are related to support and therefore are not dischargeable. The debtor contends that, essentially, since the trial court gave to Mrs. Griffin virtually all of the assets of the community and imposed support payments on Mr. Griffin, reducing him to a subsistence level, it could not have been intended that the attorneys' fees be related to support.

A major aspect of the debtor's argument is essentially an attack on the ruling of the dissolution court. The bankruptcy court is requested to review the ruling of the dissolution court on the basis of standards or guidelines adopted by the Association of Superior Court Judges (in the State of Washington) which specifies that the disposable income of a support obligor should not be reduced below 50% for any combination of child or spousal support. This would mean that the debtor should have been allowed to retain, presumably, $1,500 of his net income. The contention is made that had the dissolution court denominated attorney fees as maintenance or support,

"... he would have, as a matter of law, abused his discretion. The position of this court (the bankruptcy court) is no different. In fact, this court, of necessity, must consider not only the maintenance and support issues, but must also be cognizant of the 'fresh start doctrine' which Congress has embodied within the Bankruptcy Code."

Proceedings were held before the divorce court after bankruptcy, during the course of which, the court stated (Ex. 4, p. 17):

"THE COURT: It's unfortunate that nobody came back to the Court, because I now feel somewhat that the intent of the decree and the language of the decree actually have been thwarted for the very reason that the party was supposed to be awarded certain property, including for the benefit of the children. The party who was able to make the payment discharges those debts by means of bankruptcy, and then the wife, is required, the former wife, to utilize the remaining assets, what little there was, to pay the attorneys. Maybe she should have gone through bankruptcy, too. Maybe it was foolish for her not to. But at least you got to give her credit because she realized the somebody owed the attorneys for services rendered. And it's unfortunate that frankly we had attorney's fees to the extent and the size and magnitude that we did. But obviously it's my recollection with all the attorneys we had involved in this case dragging on, was

very bitterly fought, it could have been avoided, could have been settled, and should have been settled. This case had no business ever coming to court to the extent it did, because I don't think it was helpful to the parties or to the children. And I don't think it helped the attorneys, either, which is quite obvious."

The dissolution court's remarks demonstrate the intractable nature of the problem. Whatever else may be involved, marriages and families are economic units. Dissolution of such a unit is, aside from the emotional problems, usually attended by considerable economic stress. Few spouses, where one of them is the primary wage earner, are able to provide the considerable amount of income it takes to sustain two family units, particularly when the spouse obligated for support remarries, a not unusual incident.

Not infrequently, divorced spouses are attracted by the fresh start aura of bankruptcy. However, Congress, in enacting the Bankruptcy Code, excepted from the operation of the discharge, by virtue of 11 U.S.C. § 523(a)(5), debts owing for the maintenance and support of a former spouse or children of the debtor. The statute states that the liability must be "actually in the nature of alimony, maintenance, or support." The bankruptcy court is therefore charged with examining the dissolution decree and the circumstances or record behind it.

### B.

■ While the dissolution court attempted to characterize, post-bankruptcy, its actions, it is the sole province of the federal bankruptcy court to consider the effect of the decree based on the record provided in the dissolution proceedings finally resulting in that decree. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) See also legislative history of 11 U.S.C. § 523(a)(5) H.R.Rep. 95–595, 1st Sess. 364, U.S. Code Cong.Admin.News, 1978 at 5787, 6320.

The essential question, then, is whether the attorneys' fees involved are "actually"

in the nature of support. There has been some indication that a bankruptcy court, looking at the problem from the "fresh start" perspective, may in effect review the action of the dissolution court and even modify it. *In re Warner*, 5 B.R. 434 (Bkrtcy.D.C.Utah, 1980). However, it is our view that it would be inappropriate for a bankruptcy court to venture into an area so traditionally the province of state courts. Embarking upon such a course would result in two different court systems treating problems of broken families on a continuing basis, with resulting confusion, forum shopping, and, inevitably, exacerbation of a notoriously problem-ridden area of litigation.

■ The question is, as stated, whether the attorneys' fees in question are support related. Both the debtor and his former spouse, as already indicated, insofar as income is concerned, are stretched beyond their means. Neither of them are able to pay the attorneys' fees without the utmost difficulty. Payment of fees by the wife would intrude substantially into her ability to maintain herself and the children. The debtor contends that payment of counsel from the proceeds of sale of the home should be considered. The wife, for whatever reason, despite the property being automatically exempt, was prevailed upon to sell her home and turn the equity over to counsel, thereby depleting her already limited resources. Whatever may have been intended or foreseen, there is little question but that the burden of obtaining payment of attorneys' fees from the financially hard-pressed debtor was relegated to her. Aside from the evident difficulty and cost attendant to the wife bearing the exclusive onus of pursuit, there will be additional stress and strain on an already severely damaged family unit or what is left of it. But if the wife had not paid, the debtor, without modification of the decree, would have been subject to similar pursuit. Assuming that the action of the former wife in liquidating property subject to homestead in order to pay counsel was improvident, the debtor should nevertheless not

have the windfall of the payment. Since she paid an obligation for which he was obligated, she should be subrogated to the right of this payment. In this connection, there is ample authority characterizing attorneys' fees as being in the nature of support and therefore nondischargeable. *Porter v. Gwinn,* 20 B.R. 233 (9th Cir. Bkrtcy.App.1982).

The foregoing constitutes the court's Findings and Conclusions pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, and Bankruptcy Rule 7052.