In re MILL–CRAFT BUILDING
SYSTEMS, INC., Debtor.

MARINE BANK APPLETON, N.A.,
f/k/a Firstar Bank, National
Association, Plaintiff,

v.

MILL–CRAFT BUILDING SYSTEMS,
INC., et al, Defendants.

Bankruptcy Nos. 85–02618, 85–CV–747.
Adv. No. 85–0478.

United States Bankruptcy Court,
E.D. Wisconsin.

Feb. 13, 1986.

William L. Needler, James C. Truax, Chicago, Ill., William C. Yellin, Milwaukee, Wis., for debtor.

Robert M. Sigman, Jan S. Fuller, Appleton, Wis., for Marine Bank Appleton, N.A.

William J. Mantyh, Milwaukee, Wis., for Creditors' Committee.

Richard H. Casper, Robert A. DuPuy, Milwaukee, Wis., for Brown Deer Bank.

Elliot H. Berman, Milwaukee, Wis., for First Wisconsin Nat. Bank.

John A. Casey, Elizabeth A. Orelup, Milwaukee, Wis., for Wisconsin Evangelical Lutheran Synod.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

The court is presented with the issue of whether to return to Waupaca County Circuit Court, a Wisconsin state court, a pending mortgage foreclosure action which was previously commenced in that court by Marine Bank Appleton, N.A. f/k/a Firstar Bank, National Association ("Marine Bank") against Mill-Craft Building Systems, Inc. ("debtor") and eight other non-debtor defendants. The action was thereafter removed by the debtor to the bankruptcy court pursuant to 28 U.S.C. § 1452(a). Marine Bank filed a motion to abstain and remand[1] the mortgage foreclosure action to the state court. As authority, Marine Bank has cited the following statutory grounds: § 1452(b) [remand], § 1334(c)(1) [mandatory abstention], and § 1334(c)(2) [permissive abstention]. The debtor has responded that the bankruptcy court is better able to determine the mortgage foreclosure issue than is the state court and that the bankruptcy court lacks the power to either abstain or remand. For reasons which follow, the court grants Marine Bank's motion and remands this action to Waupaca County Circuit Court.

## FACTS

On July 12, 1985, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On October 18, 1985, Marine Bank obtained an order for relief from the automatic stay thereby enabling it to commence its mortgage foreclosure action against the debtor and the other named defendants. On November 1, 1985, Marine Bank filed its suit in Waupaca County Circuit Court. On December 2, 1985, the debtor filed a notice of removal of this action from the state court to the bankruptcy court. Marine Bank thereafter filed its motion to remand the action to the Waupaca County Circuit Court, pursuant to 28 U.S.C. § 1452(b) and abstain pursuant to 28 U.S.C. § 1334(c)(1) or 28 U.S.C. § 1334(c)(2).[2]

---

1. Although Marine Bank's motion is captioned in the conjunctive, the court recognizes that granting either a motion to remand or a motion to abstain has the same practical effect of returning the case to the state forum. It will, accordingly, consider the requests by Marine Bank for abstention and remand in the alternative.

2. 28 U.S.C. § 1452. *Removal of claims related to bankruptcy cases.*

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.

28 U.S.C. § 1334. *Bankruptcy cases and proceedings.*

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall ab-

28 U.S.C. § 1452(b) [REMAND]

The court is persuaded that the particular circumstances involved merit remand of the mortgage foreclosure action to Waupaca County Circuit Court. *Collier*, 15th Ed., § 3.01(5)(g), states that remand may be made based upon any equitable ground including the following:

1. Forum non conveniens.

2. A holding that a state court is better able to respond to a suit involving questions of state law.

3. The expertise of the court in which the matter is pending.

Because this court is satisfied that all of these grounds as well as other equitable considerations exist, remand is appropriate.

"Forum non conveniens" refers to the court's discretionary power to decline jurisdiction when the convenience of the parties and the interest of justice are better served if the action is heard elsewhere. In this case, the real estate which is the subject of the foreclosure suit and is also the site of the debtor's place of business is in Waupaca, Wisconsin, where the state court tribunal is located. Marine Bank is located in Appleton, Wisconsin, which is relatively close to Waupaca. It is therefore more convenient for Marine Bank and the debtor to have the action heard in Waupaca than elsewhere.

A state court is better able to hear and determine a suit involving questions of state law than is the bankruptcy court. Issues of state law based upon Chapter 846 of the Wisconsin Statutes (which governs Wisconsin mortgage foreclosure actions) are involved. One example of a disputed issue is the period of redemption in this case. This presents an issue which the state court, because of its familiarity in this particular field, should be better able to deal with than this court.

The Waupaca Circuit Court's expertise favors granting the motion to remand. *In re Calabria*, 5 B.R. 73, 75 (Bankr.D.Conn. 1980) states:

"This court is quite convinced that the state court is far more able to conduct the action to foreclose the mortgage under the provisions of controlling state law than is the bankruptcy court. Thus, the interests of litigants and the ends of justice dictate that the basic action to foreclose the mortgage be remanded to the state court."

*See* also, *Howard v. Tipton*, 26 B.R. 777, 779 (Bankr.S.D.Ohio W.D.1982):

"... removal of the foreclosure action, even if permissible, would then only invoke the rationale for remand, under prior decisions of this Court. The *de minimus* nature of the nexus between the foreclosure and the bankruptcy case would mandate either abstention or a remand. Even more critical —this Court would deny removal because of the nature and extent of the state court's involvement in the issues—as a matter of traditional comity among courts with concurrent jurisdiction."

In *In re Baren*, 47 B.R. 39 (Bankr.N.D. Ill.E.D.1984), the court held that the matters in issue involved purely state law claims which the Cook County Circuit Court was particularly well suited to decide. The court in *Baren* proclaimed, at p. 43:

"A very significant factor in the Court's consideration of whether to remand to the state court is this Court's determination that these actions are not 'core proceedings' within the meaning of 28 U.S.C. § 157(b)(2)."

In *Baren, supra,* the court also declared that although core proceedings are not limited to those defined in that section, traditional common law claims unquestionably do not fall within the category of proceedings considered to be core to a bankruptcy court. A mortgage foreclosure action is

---

stain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise.

This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

not a core proceeding. It is an action that is "otherwise related to a case under Title 11" and, therefore, falls within the category of non-core proceedings. Although the bankruptcy court may hear such an action, its power would be limited to submitting proposed findings of fact and conclusions of law to the district court, rather than the entry of a judgment or a final order in the absence of consent of the parties. Therefore, in the interest of judicial economy, it makes better sense to remand to the state court a case which that court can fully decide, rather than to retain a case with the potential for a second trial, delay and a waste of judicial resources.

■ There are other considerations which support this court's decision to remand. The existence of non-debtor defendants in the mortgage foreclosure action raises the possibility of a court being required to resolve disputes solely between non-debtor parties. This is precisely the type of controversy that a bankruptcy court should avoid. Moreover, the court is convinced that the action taken by the debtor in removing the mortgage foreclosure suit to the bankruptcy court was for the purpose of delaying the foreclosure proceedings. Removal to the bankruptcy court under these circumstances neither promotes comity between federal and state courts nor judicial integrity. This court after having conducted an evidentiary hearing on October 16 and 17, 1985, decided to lift the automatic stay. That conclusion was made after considerable deliberation. To now deny Marine Bank's motion to remand would in effect render that hearing on the lifting of the automatic stay and the order which followed an exercise in futility. The bankruptcy court is created to handle bankruptcy matters. Its jurisdiction should not be used to manipulate actions now pending in and best handled by state courts. *In re Keyworth,* 47 B.R. 966 (D.Col.1985) at 972. It is inappropriate for a bankruptcy court to venture into areas traditionally within the province of state

courts. *In re Griffin,* 39 B.R. 112 (Bankr. W.D.Wash.1984) at 114.

*Hillyard Farms v. White County Bank,* 52 B.R. 1015 (S.D.Ill.1985) presented a similar scenario. In that case, the bankruptcy court, after concluding that the debtors lacked equity in property, lifted the automatic stay to enable the secured creditor to complete a pending state court foreclosure action in Illinois. The debtors then removed the state foreclosure suit to the bankruptcy court. The district court, upon being presented with proposed findings of fact and conclusions of law to remand the foreclosure action back to the state court, agreed with the bankruptcy court that the action should be remanded to the state court, explaining at pp. 1019 and 1020:

> "Retaining a state action in which the judgment is final would not ensure that the creditors here are afforded the same protection as in state court, nor would it be efficient. Further, the Court agrees with the bankruptcy judge's apprehension over the removability of a foreclosure action, since a case can only be removed to this Court if it could have been brought here originally." [3]

In view of the foregoing, this court is therefore satisfied that remanding the action to Waupaca County Circuit Court is proper.

ABSTENTION UNDER 28 U.S.C. § 1334(c)(1) [PERMISSIVE ABSTENTION] AND 28 U.S.C. § 1334(c)(2) [MANDATORY ABSTENTION]

■ Although the court's decision to remand under § 1452(b) disposes of the issue, the abstention provisions of § 1334(c)(1) and (2) provide additional authority for the court's determination. Permissive abstention under § 1334(c)(1) allows a court, in its discretion, to abstain in the interests of justice or in the interest of comity or out of respect for state law. For the same reasons set forth in the preceding portion of this decision on the subject of remand,

---

**3.** The attorneys who represented the debtor in *Hillyard Farms v. White County Bank* were William L. Needler and James C. Truax, the same attorneys who appear for the debtor in the case at bar.

there exists an ample basis to exercise discretionary abstention under § 1334(c)(1).

■ The court believes that the necessary criteria for mandatory abstention under § 1334(c)(2) also exist. Mandatory abstention was fashioned by the framers of the Bankruptcy Amendments and Federal Judgeship Act of 1984 as a direct response to *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) where the U.S. Supreme Court struck down the pervasive jurisdiction granted to the bankruptcy judges by the Bankruptcy Reform Act of 1978. *Marathon* provides a clear mandate that jurisdiction of the bankruptcy courts to determine state law causes of action should be regarded with much circumspection lest constitutional principles be offended. *In re Illinois-California Express, Inc.*, 50 B.R. 232 at 237 (Bankr.D.Colo. 1985). § 1334(c)(2) requires that the bankruptcy court shall abstain where a proceeding involves a state law claim which, absent the existence of the bankruptcy case, could not have been brought in the federal court, or the action was commenced in state court and which can be timely adjudicated in state court. A mortgage foreclosure suit presents a peripheral, non-traditional bankruptcy issue that cannot be fully and completely adjudicated by the bankruptcy court. There has been no showing that this action is incapable of being timely adjudicated in state court.

### POWER OF THE BANKRUPTCY COURT TO ABSTAIN OR REMAND A CASE

■ The debtor contends that the bankruptcy court lacks power to abstain or remand, claiming that to do so in connection with a "related case" is unconstitutional. The court recognizes that a mortgage foreclosure action is a non-core proceeding (being a "related case" based upon a state law cause of action) and that it would be unable to enter any final order or judgment absent the consent of the parties. However, a motion to remand or abstain presents an entirely separate matter. It is a core proceeding because it involves a matter concerning the administration of the estate under § 157(b)(2)(A).

■ The debtor further claims that, where a case has been referred to the bankruptcy court by the district court under an order of reference [4], it cannot thereafter be "reassigned" by the bankruptcy court. In the case of *In re Morris*, 55 B.R. 615 (Bankr.D.Tex.1985), after the bankruptcy court's modification of the automatic stay (thereby allowing the parties to litigate an action in state court), the debtors filed a petition to remove the entire state action which involved the debtors and two non-debtors as defendants. The bankruptcy court remanded the case back to the state court, stating:

"Debtors have removed the case pursuant to 28 U.S.C. § 1452(a), which specifies that a party may remove a claim or cause of action in most civil actions to the District Court. By virtue of the local rule promulgated by the District Courts of the Northern District of Texas, filed 8 August 1984, this case was automatically referred to this court for disposition consistent with the provisions of 28 U.S.C. 157. The operative effect of this removal and withdrawal is that the instant proceeding was removed to this court. § 1452(b) states that '(t)he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground' (emphasis supplied). It is noteworthy that counsel for debtors initially removed the action to this court, and not to the District Court; yet when the tide turns against her she suggests that the case was actually placed before the District Court, and that only the District Court has jurisdiction to remand. Such a theory is plainly inconsistent with Rule 9027(e), which provides that 'a motion for remand of the

---

**4.** On July 10, 1984, the district court for the Eastern District of Wisconsin entered an order referring to the bankruptcy judges "any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11."

removed claim ... may be filed only in the bankruptcy court .. a motion to remand shall be determined as soon as practicable (emphasis supplied).' To suggest that a motion which may only be filed in this court is somehow beyond the jurisdiction of this court borders on the absurd. As the Advisory Committee Note to Rule 9027 makes clear, the subsection quoted above 'directs the bankruptcy court to decide remand motions as soon as practicable (emphasis supplied).' Moreover, as stated earlier, this matter is a core proceeding under § 157(b)(2), and the court therefore has jurisdiction to enter final orders and judgments, pursuant to § 157(b)(1). In addition, and with respect to this motion to remand, without regard to the underlying proceeding, it is clear that 'matters concerning the administration of the estate' are core proceedings. To the extent this motion to remand is such a matter, the court has the authority to enter a final order disposing of the issues raised in the motion."

Although a divergence of opinion exists on this issue (see *Hillyard Farms v. White County Bank, supra,* where the district court held that all remand orders must be signed by the district court), this court agrees with the holding in *Morris, supra.* Because the bankruptcy court under § 151 constitutes "a unit of the district court," is a "judicial officer of the district court," and is "known as the bankruptcy court for that district," it construes § 157 as authorizing it to enter orders in core proceedings. *In re Leonard,* 51 B.R. 53, 13 B.C.D. 1003 (Bankr.D.D.C.1985). There is nothing in § 157 or in the district court's order of reference which precludes this authority. To otherwise require that such orders can only be signed by the district court would place an undue burden upon that court and would not be consistent with the goal of prompt and efficient administration of bankruptcy cases.

While the court recognizes that its authority has been restricted by the Bankruptcy Amendments and Federal Judgeship Act of 1984 as a result of *Marathon,* it rejects the suggestion by the debtor that its powers have been reduced to the level of a "non-Article III special assistant." In the recent holding of *In re Krupke,* 57 B.R. 523 (Bankr.W.D.Wis.1986), Judge Martin held that the bankruptcy court has the power to enter an order of abstention, declaring that 28 U.S.C. § 1334 must be read in conjunction with 28 U.S.C. § 157. Judge Martin declared:

"Although the *Marathon* case precipitated the restructuring of bankruptcy jurisdiction within the federal courts, nothing in *Marathon* cut back the broad grant of federal jurisdiction over bankruptcy related proceedings which 28 U.S.C. § 1334(b) vests in the district court. That jurisdiction remains unimpaired and may be exercised by the bankruptcy judge as a unit of the district court if properly referred. To suggest that *Marathon* required more than Congress undertook to provide is unjustified."

This court is therefore persuaded that it has the power to enter an order remanding an action.

Based upon the foregoing, the court shall enter an order remanding the mortgage foreclosure suit to Waupaca County Circuit Court.

This decision shall stand as and for findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.