**PRAIRIE STATE BANK,**
**Complainant/Appellee,**

v.

**Lynn D. ALLISON, Trustee; William Bradley Dudgeon and Martha Sue Dudgeon, Debtors, Defendants/Appellants.**

No. 85–1560.

United States District Court,
D. Kansas.

April 16, 1987.

Michael G. Coash, El Dorado, Kan., for complainant/appellee.

Lynn D. Allison, Donald Clark, Wichita, Kan., for defendants/appellants.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case is on appeal from the orders of August 30, 1984 and April 30, 1985, of the bankruptcy court which granted complainant, Prairie State Bank, the relief sought in its complaint for reclamation. The debtors, William and Martha Dudgeon, filed their voluntary petition under Chapter 7 on January 25, 1984. On May 18, 1984, Prairie State Bank filed its complaint alleging an indebtedness owed to it by debtors and secured by a real estate mortgage on a mobile home park in Butler County, Kansas. Complainant prayed for a judgment of foreclosure on the real estate and for possession of the real estate, rents and profits, and the listed personal property, free and clear of debtor's claims, other creditor's claims, or the bankruptcy estate. The trustee answered contending that complainant was entitled to such relief only if the mortgage was foreclosed.

▆ After a hearing on August 17, 1984, the court entered an order, entitled "Order of Reclamation," on August 30, 1984, granting judgment on behalf of Prairie State Bank and awarding it the mobile home park and certain personal property. Relying on the bankruptcy court's statement that the proceedings were tantamount to a foreclosure proceeding, the trustee filed a motion to reconsider contending that she had been denied the right of redemption and possession of the real estate during the period of foreclosure and redemption. After a hearing on this motion, the bankruptcy court entered an order on April 30, 1985, ruling that trustee was entitled to a 6-month redemption period commencing August 17, 1984, and that at the end of this period, if the property is not redeemed, the Trustee was to furnish the Prairie State Bank with a Trustee's deed to the real property. The Trustee appeals these orders of the bankruptcy court.

The Trustee first contends the bankruptcy court lacked jurisdiction to foreclose complainant's real estate mortgage on the mobile home park. Calling attention to the ongoing legal controversy regarding jurisdiction of bankruptcy courts, the Trustee concludes the basic question of whether an action to foreclose a real estate mortgage is a core proceeding can only be answered in the negative. Complainant first takes issue with the characterization of the bankruptcy court's order as a judgment of foreclosure. Instead, it contends "that the bankruptcy court did *not* foreclose the bank's mortgage but rather awarded pos-

478

session of the real estate in question pursuant to the mortgage so that the bank could realize on the collateral securing its indebtedness from the debtors." Complainant considers such an order as within the core proceedings suggested at 28 U.S.C. § 157(b)(2)(K) and (O).

Complainant's interpretation of the August 30, 1984, order of reclamation is an argument of semantics lacking a legal basis. Complainant has not offered any authority for the proposition that short of a judgment of foreclosure a real estate mortgagee can be awarded possession of the real estate upon a Trustee's deed with the authority to sale or liquidate that real property. This is not an ordinary action for reclamation of personal property alleged to be sold to debtor by fraud under the terms of 11 U.S.C. § 546(c). Complainant has not offered any authority for its right to "reclaim" real estate upon which it has a mortgage, absent a foreclosure action pursuant to state law. *See Misco Industries, Inc. v. Board of Sedgwick County, Comm'rs*, 235 Kan. 958, Syl. ¶ 2, 685 P.2d 866 (1984). In effect, the bankruptcy court's order gave complainant a judgment on the promissory notes and foreclosed on that property securing those notes.

■ The Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), did away with any notion that bankruptcy courts have broad jurisdiction to entertain state law causes of action. An action to foreclose a real estate mortgage does not fall within any of the listed core proceedings in 28 U.S.C. § 157(b)(2). A bankruptcy court in Wisconsin recently stated:

> A mortgage foreclsoure action is not a core proceeding. It is an action that is "otherwise related to a case under Title II" and, therefore, falls within the category of non-core proceedings.

*In re Mill-Craft Bldg. Systems, Inc.*, 57 B.R. 531, 533–34 (Bkrtcy.E.D.Wis.1986). The *Marathon* decision precludes the expansive construction of category (O) of 28 U.S.C. § 157(b)(2) argued by complainant.

The bankruptcy court lacked jurisdiction to enter the order of reclamation.

IT IS THEREFORE ORDERED that the bankruptcy court's orders of August 30, 1984, and April 30, 1985, are set aside for lacking jurisdiction, and the case is remanded for proceedings consistent with this opinion.