**In re Lamar CHAPMAN, III and Vanessa Chapman, Debtors.**

**CITICORP SAVINGS OF ILLINOIS, Plaintiff,**

v.

**Lamar CHAPMAN, III, Vanessa Chapman, Beneficial Finance Company, a/k/a Beneficial Illinois, Inc., Unknown Others and Non Record Claimants, Defendants.**

**Bankruptcy No. 90 B 14910.
Adv. No. 90 A 0913.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 20, 1991.

---

Richard J. Lipschultz, Chicago, Ill., for debtors.

Steven R. Rappin, Hauselman & Rappin, Ltd., Chicago, Ill., for Citicorp Mortg., Inc.

## MEMORANDUM OPINION AND ORDER ALLOWING MOTION OF CITICORP SAVINGS OF ILLINOIS TO REMAND OR IN THE ALTERNATIVE, TO ABSTAIN

JACK B. SCHMETTERER, Bankruptcy Judge.

The court is presented with the issue of whether to abstain and then remand to the Circuit Court of Cook County, Illinois, a pending mortgage foreclosure action previously commenced there by Citicorp Savings of Illinois ("Citicorp") against Lamar and Vanessa Chapman ("Debtors"). The action was removed by Debtors to this bankruptcy court pursuant to 28 U.S.C. § 1452(a). Citicorp has moved to remand the action back to the state court pursuant to 28 U.S.C. § 1452(b), or alternatively for this court to abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2) [mandatory abstention], and § 1334(c)(1) [discretionary abstention]. For reasons that follow, the court grants Citicorp's motion, and having abstained remands the action to the Cook County Circuit Court.

### UNDISPUTED FACTS

The facts underlying this proceeding are undisputed and set forth in complete detail in this Court's earlier opinion, *In re Chapman*, 132 B.R. 132 (Bankr.N.D.Ill.1991) which ruled on Debtors' affirmative defenses and counterclaim to Citicorp's claim herein. A brief summary will suffice here.

On November 6, 1986, Citicorp filed a complaint for foreclosure of its mortgage on the Debtor's house in the Cook County Circuit Court. Protracted litigation followed, and the main issue concerned allegations that Citicorp improperly denied Debtors the right to reinstate the mortgage arrears so as to prevent the foreclosure. The Chapmans filed Affirmative Defenses and counterclaims that are generally similar or identical to those filed by them here in opposition to Citicorp's claim. On December 11–13, 1989, a three day trial was held in which the state court held for Citicorp, finding that the Debtors failed to prove their allegations. The state court held that Debtors failed to establish their counterclaims and affirmative defenses. Based on *res judicata* principles, this Court earlier granted Summary Judgment on Chapman's first seven counterclaim counts. However, while the affirmative defenses were overruled by the state court, *res judicata* does not yet apply to such defenses because under Illinois law no final judgment is entered in a foreclosure case until the foreclosure sale is approved. That never happened because the bankruptcy intervened and the automatic stay barred further prosecution of the state court action.

On August 16, 1990 (the day the sheriff's foreclosure sale was scheduled), the Debtors filed their pending voluntary petition under Chapter 13 of the Bankruptcy Code. On November 14, 1990, the Debtors petitioned to remove the foreclosure case to Bankruptcy Court, and that case presently pends in the instant Adversary case. Citicorp's motion to remand and abstain followed.

### DISCUSSION

#### I. JURISDICTION

A. *Removal*

This court must first determine whether this case was properly removed here before reaching the issues of remand and abstention. Citicorp contends that removal was improper because the procedures for removal set out in 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a)

were not followed. Citicorp first argues that the Debtors should have filed their application with the district court clerk rather than with the bankruptcy clerk because § 1452(a) states that a "party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending ..." Bankruptcy judges are judicial officers of the District Court, and collectively comprise a unit of the District Court denominated the "Bankruptcy Court." 28 U.S.C. § 151. The general order of reference entered by our District Court referred all bankruptcy matters to the bankruptcy judges and court under 28 U.S.C. § 157(a) and allow applications for removal to be filed directly with the Clerk of the bankruptcy court. *In re Gianakas,* 56 B.R. 747, 750–52 (N.D.Ill.1985); *In re Aztec Industries, Inc.,* 84 B.R. 464, 468 (Bankr. N.D.Ohio 1987).

Citicorp also argues that the removal application was not timely filed because it was not filed within 30 days after an order by this Court entered September 28, 1990 which modified the automatic stay to a limited extent.[1] However, Citicorp has ignored the language of Bankr.Rule 9027(a)(2) which states that an application for removal may be filed "within the *longest* of (A) 90 days after the order for relief ..., (B) 30 days after entry of an order terminating a stay ..." [emphasis added] The Debtors' application was timely because it was filed on November 14, 1990, exactly 90 days after the order of relief which was entered on August 16, 1990, when they filed their bankruptcy petition.

■ Citicorp also argues under Bankr R. 9027(a)(1) that the Debtors' petition for removal was not verified and was not accompanied by a copy of all process and pleadings. These arguments are groundless. First, the petition was verified and accompanied by all process and pleadings. Second, even if there was a problem with the verification, such procedural defects do not ordinarily constitute grounds for remand. See *In re Hudson Oil Co., Inc.,* 68 B.R.

735 (D.Kan.1986) (removal petition was properly filed despite not being initially verified); *In re Princess Louise Corp.,* 77 B.R. 766 (Bankr.C.D.Cal.1987) (removal petition was properly filed despite the failure to file copies of all of the required state court pleadings with the bankruptcy court); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3739 (1985).

Accordingly, the Debtors' removal application was timely and properly filed. This case was properly removed to this Court.

### B. *Core v. Non-core Jurisdiction*

■ In determining whether to abstain and remand, it is first appropriate to decide whether the mortgage foreclosure proceeding and defenses thereto are within the core or related jurisdiction of this court. See *In re Baren,* 47 B.R. 39, 43 (Bankr. N.D.Ill.1984), aff'd 48 B.R. 752 (N.D.Ill.) ("A very significant factor in the Court's consideration of whether to remand to the state court is this Court's determination that these actions are not 'core proceedings' within the meaning and purview of 28 U.S.C. § 157(b)(2).") Courts which have considered this issue have generally held that mortgage foreclosure actions are not core proceedings, but merely actions which are otherwise related to cases under Title 11. *Prairie State Bank v. Allison,* 72 B.R. 476, 478 (D.Kan.1987); *In re Mill–Craft Building Systems, Inc.,* 57 B.R. 531, 533–34 (Bankr.E.D.Wisc.1986).

While § 157(b)(2) does not provide a precise definition of what is a core matter, "a proceeding is core under section 157 if it invokes a substantive right provided by Title 11 or it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991), quoting, *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir.1990). Mortgage foreclosures are matters of state law. This foreclosure proceeding arose outside of bankruptcy and was almost at an end when

---

1. The September 28 order allowed the Debtors and Citicorp to pursue and defend any appeals

in the state court arising from the foreclosure action.

the bankruptcy petition was filed. Furthermore, this proceeding by itself does not arise under or invoke any substantive right provided by Title 11. Therefore, this case would ordinarily not be a core proceeding, but rather merely related to the bankruptcy case under 28 U.S.C. § 157(c)(1).

It is clear here, however, that this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (C) because Citicorp has filed a claim for the amount owed to them under the mortgage, and Debtors have filed the same affirmative defenses and counterclaims against that claim as they filed in this case. In essence, the claim and counterclaim are one proceeding with the removed foreclosure case. It may also be argued that core jurisdiction lies under § 157(b)(2)(O) because the house is the only major asset in the estate and foreclosure would have a significant impact on the reorganization.

## II. ABSTENTION

### Mandatory Abstention

The court must abstain pursuant to 28 U.S.C. § 1334(c)(2) when the following four requirements are met: (1) the case is based on a state law claim or cause of action that although related to Title 11, does not arise under Title 11 or arise under a case under Title 11; (2) there is no independent basis for federal jurisdiction for the claim other than the bankruptcy proceeding; (3) an action has been commenced in a state forum; and (4) the case could be timely adjudicated in state court. *Bates & Rogers Construction Corp. v. Continental Bank, N.A.,* 97 B.R. 905, 907 (N.D.Ill. 1989). One of the requirements is not met here. This is an action to foreclose on a mortgage, and is thus a state law claim. This case would not ordinarily arise under Title 11, but would merely relate to Title 11. This case would ordinarily have no independent federal jurisdictional basis other than the bankruptcy petition. However, because this case is part of the claim and counterclaim litigation, this Court has core jurisdiction, not merely related jurisdiction, and mandatory abstention under § 1334(c)(2) does not apply to core proceed-

ings. *In re L & S Industries Inc.,* 122 B.R. 987, 996–97 (Bankr.N.D.Ill.1991); 1 *Collier on Bankruptcy* ¶ 3.01[3][a] and [b] (15th Ed.1989). In other words, because this is a core proceeding, it arises under Title 11, so the first requirement for mandatory abstention has not been met. *In re Ascher,* 128 B.R. 639, 644 (Bankr.N.D.Ill. 1991). Therefore, this court must not abstain under 28 U.S.C. § 1334(c)(2).

### Discretionary Abstention

Discretionary abstention under 28 U.S.C. § 1334(c)(1) allows the court to abstain in the interests of justice or in the interest of comity or out of respect for state law. *In re Mill–Craft,* 57 B.R. at 534–35. When most of the criteria for mandatory abstention have been met, bankruptcy courts should give "careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)." *In re Rusty Jones, Inc.,* 124 B.R. 774, 780 (Bankr.N.D.Ill.1991), quoting *In re Futura Industries, Inc.,* 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

Courts have weighed many factors in determining whether abstention is appropriate under § 1334(c)(1) including:

(1) the effect or lack thereof on efficient administration of the estate;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of applicable state law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than the form of an asserted 'core' proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

**158**

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and

(11) the presence of nondebtor parties.

*In re Ascher,* 128 B.R. at 646, citing *In re Republic Reader's Service, Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987).

■ Several of the foregoing factors are present in this case (at least Nos. 1, 2, 4, 9, and 10), and this court is convinced that discretionary abstention is appropriate here. This is a mortgage foreclosure proceedings in which state law issues clearly predominate and issues unique to bankruptcy court do not arise. While this is a core proceeding under 28 U.S.C. § 157(b)(2), the substance of the matter involves state law foreclosure issues. Moreover the state court has done considerable work on the case and has ruled on all issues short of approving a sale. Furthermore, since the same considerations apply for discretionary abstention under § 1334(c)(1) as for remand under § 1452(b), see *J.D. Marshall International, Inc. v. Redstart Inc.,* 74 B.R. 651, 655 n. 1 (N.D.Ill.1987) ("Because equitable considerations relevant under § 1452(b) and § 1334(c)(1) are essentially identical, this court's treatment of voluntary abstention under § 1334(c)(1) also applies to [movant's] § 1452(b) argument."), this court also abstains for all the reasons set out below in the discussion on remand.

### III. REMAND UNDER § 1452(b)

■ Under 28 U.S.C. § 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Among the factors to be considered by courts in making a decision whether to remand are:

(1) duplicative and uneconomical effort of judicial resources in two forums;

(2) prejudice to the involuntarily removed parties;

(3) forum non conveniens;

(4) a holding that a state court is better able to respond to a suit involving questions of state law;

(5) comity considerations;

(6) lessened possibility of an inconsistent result; and

(7) the expertise of the court in which the matter was pending originally.

*Baren v. Devon Bank,* 47 B.R. 39, 42–43 (Bankr.N.D.Ill.1984); see also *Allen County Bank & Trust Co., v. Valvmatic International Corp.,* 51 B.R. 578 (N.D.Ind. 1985).

■ Several of these considerations certainly apply to this case (especially Nos. 1, 2, 5, and 6). The affirmative defenses and counterclaims of Debtors were tried and disposed of in state court. All but the eighth counterclaim filed here were fully disposed of in that court. All affirmative defenses raised here were likewise raised and disposed of there, but not with *res judicata* effect here only because the final judgment approving foreclosure sale has not been rendered. All that is left in the state court is to have a sale and final judgment approving sale, if that court considers such to be appropriate. On the other hand, retaining this action in Bankruptcy court would result in a duplicative and uneconomical use of judicial resources. *Allen County Bank & Trust v. Valvmatic Int'l. Corp.,* 51 B.R. at 582. Retaining this matter here would waste and duplicate judicial resources by forcing this matter, which has already been tried in state court, to be litigated in this forum so as to decide the affirmative defenses fully litigated and decided in state court but without *res judicata* effect as of yet.

The state court is well able to handle the rest of this state law foreclosure action, and this court is not a forum where matters already litigated fully in state court should be reheard and retried for the purpose of delaying the effect of the judgment and giving Debtors a second trial in a new forum. Retaining this matter would delay the administration of the estate and act to the prejudice of Citicorp which is entitled to

have this matter resolved in order to receive adequate protection, and entitled to be free from a re-litigation of the same defenses that were previously resolved.

Remanding this proceeding back to state court could well moot the bankruptcy proceedings because Citicorp is the Debtors' only major creditor and the house is the Debtors' only major asset. However, by filing their bankruptcy petition at such a late date and after having litigated the issues before the state court in the foreclosure proceeding, the Debtors have left this Court with little choice in the matter when they filed affirmative defenses and counterclaims here that have already been litigated in another forum. The bankruptcy courts should not be used for the purpose of re-litigating issues previously decided in state court by judgment.

It does give the Court pause to realize that in order to avoid giving Debtors an opportunity to relitigate their affirmative defenses in a new trial here, it is necessary to allow the state court to proceed with the foreclosure sale and confirmation thereof. Such a sale will prevent Debtors from de-accelerating the mortgage for the purposes of paying off the arrearage in the Chapter 13 Plan. See *Matter of Tynan*, 773 F.2d 177, 178–79 (7th Cir.1985); *In re Josephs*, 93 B.R. 151, 154 (N.D.Ill.1988); *In re Schnupp*, 64 B.R. 763, 768 (Bankr.N.D.Ill. 1986) (all holding that under Illinois law, a mortgage may no longer be de-accelerated after the sheriff's foreclosure sale has occurred). Avoidance of the fatal sale is usually the very reason a Chapter 13 case is filed. Ordinarily, the court does not allow the sale to proceed unless debtors' Chapter 13 Plan is unlawful or not fulfilled. However, it is wholly inappropriate for Debtors to seek retrial of defensive issues fully litigated in state court, and wholly appropriate for this Court to take steps to avoid that abuse of bankruptcy.

Thus, this matter should be remanded to the Cook County Circuit Court in the interests of comity and judicial integrity and to avoid needless and prejudicial duplication of judicial resources.

This court should also address whether, if Debtors should file in state court their Civil Rights claim under 42 U.S.C. § 1983 against Citicorp (now pending as Count VIII of their Counterclaim here to the Citicorp claim), that issue could be determined by the state court. Debtors have argued here that only a Federal court has jurisdiction to entertain a Civil Rights action, and in the current briefings on viability of Count VIII in the claims litigation there will be a question whether that count is barred by *res judicata*.

The *res judicata* doctrine bars any issues which could have been raised in a previous forum, *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.1988), *cert. denied*, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 and prohibits the raising of such issues whether in the form of affirmative defenses or counterclaims. *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986); *Hughey v. Industrial Commission*, 76 Ill.2d 577, 582, 31 Ill.Dec. 787, 789, 394 N.E.2d 1164, 1166 (1979). Under Illinois law, the failure to bring such claims in the prior litigation will bar any future action. *Leitch v. Hine*, 393 Ill. 211, 220, 66 N.E.2d 90, 95 (1946).

This civil rights claim may well be barred by *res judicata*. First, Debtors do not dispute that the Civil Rights claim involves the same parties. Like the other counts of the Debtors' counterclaim to Citicorp's claim, this claim appears to involve the same parties in the same capacity. *See In re Chapman*, 132 B.R. 132. Second, the civil rights count appears to arise from the same set of facts as other counts previously decided. *Id.* To preclude it on grounds of *res judicata*, it must arise from the same set of operative facts as the claims made by the Debtors. *Hagee v. City of Evanston*, 729 F.2d 510, 513 (7th Cir.1984). The Civil Rights counterclaim incorporates by reference the facts articulated under Count I of the Debtors' counterclaim. *See In re Chapman*, 132 B.R. 132. Therefore, that counterclaim may well arise from the same set of operative facts pleaded in state court.

The January 1989 Order, as explained in *Chapman*, 132 B.R. 132 is a final order. The January 1989 Order disposed of Debtors' claims against Citicorp. At this juncture, *res judicata* attached. Therefore, any attempt by Debtors to raise claims already adjudicated or those that could and should have been raised is barred by the *res judicata* doctrine. *Hughey*, 31 Ill.Dec. at 789, 394 N.E.2d at 1166. Debtors' Civil Rights claim may very well be such a claim. If so, it can survive the *res judicata* effect only if Debtors were precluded from raising that claim in the prior litigation in state court.

■ The Civil Rights statute itself does not expressly indicate whether State courts may exercise jurisdiction over cases brought pursuant to it (42 U.S.C. § 1983), but authorities on the subject have generally held state courts enjoy concurrent jurisdiction. *Kutzik v. Young*, 730 F.2d 149 (4th Cir.1984) (Maryland courts have concurrent jurisdiction over 42 U.S.C. § 1983); *Long v. District of Columbia*, 469 F.2d 927 (D.C.Cir.1972) (State courts have concurrent jurisdiction over civil rights actions); *Coffman v. Wilson Police Dept.*, 739 F.Supp. 257 (E.D.Pa.1990) (state courts have concurrent jurisdiction with federal courts over § 1983 actions); *Horn v. O'Cheskey*, 378 F.Supp. 1280 (D.C.N.M.1974) (New Mexico state courts have concurrent jurisdiction under 42 U.S.C. § 1983); *Luker v. Nelson*, 341 F.Supp. 111 (N.D.Ill.1972) (Illinois state courts have concurrent jurisdiction under 42 U.S.C. § 1983). This issue was definitely resolved by the Supreme Court in *Howlett v. Rose*, — U.S. —, 110 S.Ct. 2430, 2439, 110 L.Ed.2d 332 (1990) (state courts have concurrent jurisdiction in all cases arising under the laws of the United States, where it is not expressly prohibited).

Accordingly, it appears that Debtors could have pursued their Civil Rights claim in the prior litigation and they may still attempt to do so in future state court litigation. Because the briefing on Count VIII of the counterclaim to Citicorp's claim was not yet completed here, this Court has not yet ruled on the possible *res judicata* effect of prior rulings on Count VIII, though it must now proceed to do so in context of the Citicorp claim pending here even after this Adversary case is remanded.

## AUTHORITY OF THE BANKRUPTCY COURT TO REMAND

■ One final issue is whether a bankruptcy judge has the authority to enter an order of remand. Courts are split on this issue. *See In re Tandem Enterprises, Ltd.*, 124 B.R. 283, 284 n. 2 (Bankr.N.D.Ill. 1991); *In re Watson–Mahaney, Inc.*, 70 B.R. 578, 582 (Bankr.N.D.Ill.1987) (both cases finding that bankruptcy judges have authority to remand as judicial officers of the district court, under 28 U.S.C. § 1452(b)); and *In re Mill–Craft*, 57 B.R. at 535–36 (bankruptcy courts may remand because a remand is a core proceeding which involves the administration of the estate under § 157(b)(2)(A)). However, compare with *Western Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 7 (E.D.Cal. 1988) and *In re Newman*, 61 B.R. 27, 29–30 (Bankr.D.N.M.1986) (both cases finding that because remand is a non-appealable order, it may not be entered by an Article I bankruptcy judge).

This court holds that it has the authority to remand. 28 U.S.C. § 1452(a) states that claims may be removed to the "district court" and makes no mention of the bankruptcy courts. However, since the bankruptcy judges collectively comprise a unit of the district court, claims may be removed to bankruptcy court, and they are considered to have been removed to a unit of the district court. *In re Gianakas*, 56 B.R. 747, 751 (N.D.Ill.1985). Under 28 U.S.C. § 151, bankruptcy judges are judicial officers of the district court, and § 1452(b) states that "any court to which such claim or cause of action is removed may remand such claim or cause of action." Therefore, because under § 1452(b), a case is remanded from the court to where it was removed, and a bankruptcy judge presides over his or her court as a judicial officer of the district court, it must be inferred that a bankruptcy court may remand claims which have been removed to it. *See In re*

*Tandem Enterprises*, 124 B.R. at 284 n. 2 ("a bankruptcy court may remand a cause of action as a unit of the district court") and *In re Watson–Mahaney*, 70 B.R. at 582 ("it must be reasoned that remand by the Bankruptcy Court is the same as remand by the District Court"). Furthermore, the 1990 amendment to § 1452(b) strengthened the bankruptcy court's authority to order remands by allowing district courts to hear appeals from bankruptcy court remands, thereby eliminating former Constitutional concerns about authority of an Article I court. *In re Tandem Enterprises*, 124 B.R. at 284 n. 2. Therefore this Court will order remand. However, if this court lacks authority to remand, then this opinion will stand as a recommendation for remand when and if the issue is considered by the District Court.

## CONCLUSION

Based on the foregoing, the court shall abstain from hearing this case under 28 U.S.C. § 1334(c)(1), and enter an order remanding the mortgage foreclosure proceedings to the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1452(b). However, the motion to abstain under 28 U.S.C. § 1334(c)(2) will be denied.