**In re GWK, INC. a/k/a Ole South Pancake House, Inc.**

**Wes Kirtley and Rock City Foods, Inc., Plaintiffs,**

**v.**

**James E. Ellis, Jr., Edwin Charles Ellis, Ole South Pancake House, Inc., Defendants.**

**Bankruptcy No. 99–41747S.
Adversary No. 01–4098.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Sept. 27, 2001.

Stephen Bilheimer, Little Rock, AR, for plaintiffs.

Gregory Hopkins, Ronald A. Hope, Little Rock, AR, for defendants.

Richard L. Cox, Hot Springs, AR, Chapter 7 Trustee.

## ORDER OF REMAND

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the file.

In 1997, Ole South, Kirtley Enterprises and Wes Kirtley sold a franchise system to James Ellis and Edwin Ellis. Pursuant to the purchase agreement, James and Edwin Ellis were to make monthly payments over time. In order to minimize confusion regarding the name of the franchise system and that some restaurants would continue under the Ole South name, GWK was created as the franchisor entity and it would receive proceeds from the purchase agreement. When GWK filed a chapter 7 petition, the chapter 7 trustee initiated an adversary proceeding, *Cox v. Ellis,* 01–4035 in order to obtain an accounting of the funds which had been paid, or should have been paid, pursuant to the purchase agreement, and for turnover of payments due under the agreement. The defendants, James and Edwin Ellis, have demanded a jury trial in that proceeding.

Prior to the filing of *Cox v. Ellis,* Wes Kirtley and Rock City Foods filed a complaint in state court against James Ellis, Edwin Ellis and Ole South Pancake House, Inc., for breach of contract, *quantum meruit,* tortious interference with contractual relations, and requested punitive damages. The answer and counterclaim by the Ellis defendants demanded jury trial and requested offset for misrepresentations made in the negotiations for the purchase agreement. The trustee removed the state court action to this Court where it was assigned adversary proceeding No. 01–4098. The parties to the removed action filed responses indicating that they also believe that this matter should be removed to the United States Bankruptcy Court. Thereafter, pursuant to the Court's directive, the parties provided copies of the pleadings from the state court proceeding and each party provided statements regarding jurisdiction.

The trustee asserts that the matters in the adversary proceedings are core proceedings so that the court may hear and determine the issues. Moreover, the trustee consents to trial by jury before the bankruptcy judge. The other parties, however, believe that the issues are non-core so that the bankruptcy court does not, absent consent, have jurisdiction to finally determine the issues. Moreover, Kirtley and Rock City Foods do not consent to trial by jury before a bankruptcy judge.

The Ellis defendants have been unable to decide whether they consent to a jury trial before the bankruptcy judge and, accordingly, have not expressly consented to a jury trial before this Court.

■ Upon the filing of a notice of removal,[1] the Court is required to review the notice and determine whether jurisdiction is proper. *Strange v. Arkansas–Oklahoma Gas Corp.*, 534 F.Supp. 138, 139 (W.D.Ark.1981). If the matter does not properly rest with the court, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Thus, this Court may, upon its own motion remand the matter to the state court. *See Smith v. City of Picayune*, 795 F.2d 482 (5th Cir.1986).

■ There are numerous factors which courts may consider in determining whether to remand a case on equitable grounds. *See generally Baxter Healthcare Corporation v. Hemex Liquidation Trust*, 132 B.R. 863, 867–68 (N.D.Ill.1991); *Citicorp Savings of Illinois v. Chapman*, 132 B.R. 153, 157–58 (Bankr.N.D.Ill.1991). The court must consider whether:

> (1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise.

*Baxter Healthcare Corporation v. Hemex Liquidation Trust*, 132 B.R. 863, 867–68 (N.D.Ill.1991). Additional factors include: (1) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (3) the substance rather than the form of the asserted 'core' proceeding; (4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy court's docket; (5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and (6) the presence of nondebtor parties. *Citicorp Savings of Illinois v. Chapman*, 132 B.R. 153, 157–58 (Bankr.N.D.Ill.1991).

■ Upon application of these factors to the instant case, remand on equitable grounds is merited. The action removed to this Court pleads primarily state-law claims which do not "arise under" or "arise in" the bankruptcy case. These purely state law matters are better addressed by the state court. Remand would have little, if any, effect upon the administration of the bankruptcy case. While it is true that both adversary proceedings involve property of the estate, the trustee can protect the estate's interest in the state court proceedings by intervening in that proceeding, and the adversary proceeding he commenced against the Ellis defendants can be held in abeyance pending resolution of those related state court proceeding.

Given the burdens of this Court's docket, there is no reason to believe that the state court action would not proceed to trial as expeditiously as in this Court. Moreover, as it appears that this adversary proceeding is non-core, the require-

---

1. The trustee removed the state court matter on August 20, 2001, by filing a "Motion for Removal" which the Court treated as a Notice of Removal. Once the notice was filed, the matter was removed and, thus, pending as an adversary proceeding in the United States Bankruptcy Court as *Kirtley v. Ellis*, 267 B.R. 845.

ments of 28 U.S.C. § 157 further lengthen the proceeding because this Court, in the usual course, would only be able to make proposed findings to the district court which then would consider the issues. Finally, the Court notes that there is another, related proceeding pending in state court. The parties have indicated to the Court that G.W. Kirtley, who has a chapter 7 case pending before this Court, is also a party in a lawsuit regarding Ole South Pancake House, Inc. in the state court.[2]

The action pleads state-law claims based upon contract, state franchise statutes and tort law, which do not "arise under" or "arise in" the bankruptcy case. The complaint and counterclaim are composed of purely state law claims for which there exists no jurisdiction in this Court, other than that granted by 28 U.S.C. § 1334. There are several non-debtor parties in the action involved in these purely state claims for which no jurisdiction in this Court, other than that granted by 28 U.S.C. § 1334, exists.

Of great import in this determination are the facts that, not only have two of the parties demanded jury trial, only the trustee consents to jury trial before the bankruptcy judge. The Court finds this rather inexplicable in light of the fact that the parties supported removal to this Court. In this instance, the right to jury trial virtually mandates remand to the state court, cf. In re Tucson Estates, 912 F.2d 1162 (9th Cir.1990), where the claims, purely state law matters, may be adjudicated. Comity and the interests of consistency in the application of state law also militate in favor of remand. The equitable grounds being overwhelmingly in favor of remand, it is

**ORDERED** that this matter is remanded to the Circuit Court of Pulaski County, Arkansas.

**IT IS SO ORDERED.**

---

2. Kirtley filed a motion to have the estate's interest in Ole South Pancake House, Inc. abandoned and it appears that motion was granted. Accordingly, the state court lawsuit was permitted to proceed without the intervention of the bankruptcy trustee appointed in the *Kirtley* case.