43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. COVINO, Plaintiff-Appellant,
v.
Renaldo PLAUD, Physician Assistant; Dr. C. Stratman,
Physician; James Sperry, Assistant Administrator; Larry
Smith, Hospital Administrator, individually and in their
official capacities, Defendants-Appellees.
 No. 94-3174.
 United States Court of Appeals,
 Tenth Circuit.
Dec. 15, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App. P.34(f); 10th Cir. R.34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The essence of Plaintiff Robert H. Covino's ("Plaintiff") claim is that Defendants Renaldo Plaud, a physician's assistant, Dr. Clarence Stratman, a physician, James Sperry, Assistant Administrator, and Larry Smith, Hospital Administrator, (collectively "Defendants"), deprived him of constitutionally adequate medical care while in prison at the United States Penitentiary in Leavenworth, Kansas ("USPL"). The district court ruled against Plaintiff's claim on Defendants' motion for summary judgment. Plaintiff now appeals, claiming that the district court's consideration of the motion was procedurally defective and that the district court erred in dismissing his claim for relief. While the district court's consideration of the issue may have been procedurally flawed, we AFFIRM the dismissal of Plaintiff's claim on the grounds that his complaint fails to state a claim upon which relief can be granted.
 
 BACKGROUND
 
 3
 Plaintiff underwent vascular surgery on his left leg at the University of Kansas Medical Center in late September 1992 and was returned to the USPL on October 7, 1992. On October 20, 1992, Plaintiff was issued a pair of thigh-length support hose, and on December 3, 1992, he was provided with support hose based on his specific measurements. Plaintiff also was prescribed and provided with a variety of medications, including aspirin, ibuprofen and Darvocet. He was seen in the prison health clinic on numerous occasions and returned to the University of Kansas Medical Center for two post-surgical evaluations. Plaintiff alleges that the Defendants did not provide him with the necessary pain medication to assist his recovery from the operation as well as refused to give him a second pair of support hose to wear when he washed his first pair. Moreover, Plaintiff claims that the prison officials failed to provide him with a single cell or sleeping pills as prescribed by a doctor, and instead placed him with a roommate with a serious snoring problem.
 
 
 4
 Plaintiff filed suit pursuant to Bivens v. Six Unknown Named Agents of Bureau of Fed. Narcotics, 403 U.S. 388 (1971), for an alleged deprivation of his Eight Amendment right against cruel and unusual punishment. Based on Defendants' motion for summary judgment and Plaintiff's "Response to Defendant(s) Answer That There Are No Genuine Issues With Respect To Material Facts," the district court granted Defendants' motion for summary judgment and dismissed Plaintiff's claim. Plaintiff then timely appealed to this court.[2]
 
 DISCUSSION
 
 5
 First, Plaintiff claims that he was denied the evidentiary hearing that he contends is provided for by Fed.R.Civ.P. 56(d). Plaintiff suggests that the Rule's instruction that "the court at the hearing of the motion ... shall if practicable ascertain what material facts exist without substantial controversy ...." requires the court to hold an evidentiary hearing before deciding a motion for summary judgment. However, Plaintiff's reading of Rule 56(d) is misplaced as that provision's reference to "the hearing of the motion" involves the consideration of the motion and does not require the district court to hold an evidentiary hearing; in fact, this Court has specifically explained that an evidentiary hearing "is [not] required in every instance." Kennedy v. Meacham, 540 F.2d 1057, 1061 n. 3 (10th Cir.1976). Moreover, the "hearing of the motion" does not even require the district court to provide for oral argument, as it may decide the motion on the briefs. See Fed.R.Civ.P. 78.
 
 
 6
 Second, Plaintiff contends that the district court's grant of summary judgment should be vacated pursuant to Fed.R.Civ.P. 60(b) because he was never served with a copy of Defendants' motion. While the failure to receive a copy of this motion could arguably constitute error, we find that it would, at most, be harmless error because it did not have a "substantial and injurious effect" on the ultimate outcome. Kotteakos v. United States, 328 U.S. 750, 776 (1946). The district court's ruling on the summary judgment motion did not affect the outcome because Plaintiff addressed the argument that he failed to state a claim upon which relief could be granted in his "Response To Defendant(s) Answer" and this case could have been dismissed upon that ground pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 7
 For purposes of a Rule 12(b)(6) determination, the court accepts "the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff," and then rules whether the plaintiff states a claim upon which relief can be granted. Mascheroni v. Board of Regents, 28 F.3d 1554, 1560 (10th Cir.1994) (quotation omitted). Plaintiff alleges that: (1) the lack of order and gross negligence of those working in the prison pharmacy prevented him from receiving his prescribed medication on several occasions; (2) the failure of the prison officials to provide a second pair of support hose caused him serious pain when he washed his pair of support hose; and (3) the failure of prison officials to give him sleeping pills and to place him in a single cell impaired his ability to sleep.[3]
 
 
 8
 Even assuming that the three factual allegations are correct, Plaintiff fails to allege a deprivation of his Eighth Amendment rights. It is well accepted that prison officials can only violate the Eighth Amendment by a failure to provide medical care through a deliberate indifference to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Moreover, a delay in providing medical care cannot violate the Eighth Amendment unless that delay in addressing the condition was occasioned by a deliberate indifference which resulted in substantial harm. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993). Even assuming arguendo that Plaintiff's loss of sleep and pain to his leg (suffered through the lapses in medication) constitutes substantial harm, his claim rests on gross negligence and thereby fails to allege the requisite degree of culpability to constitute deliberate indifference. Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir.1990).
 
 
 9
 While granting summary judgment without affording Plaintiff an opportunity to respond adequately to the motion may have been improper, we AFFIRM the result reached by the district court on the grounds that Plaintiff's allegations fail to state an actionable claim. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court denied Plaintiff's motion to proceed in forma pauperis, but we grant it on appeal pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 Plaintiff also asserts a cause of action under 18 U.S.C.1985(3) for a conspiracy to violate his constitutional rights and claims that he was willfully mistreated in violation of the Eighth Amendment, but these claims must be dismissed because Plaintiff states them in conclusory terms and fails to allege underlying facts to support them. Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir.1986). To the extent that Plaintiff relies on the three allegations outlined above to support his 1985(3) claim, that claim must still be dismissed as the three allegations do not involve any "racial, or perhaps otherwise class-based, invidiously discriminatory animus," which is a necessary element of a 1985(3) claim. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir.1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)), cert. denied, 114 S.Ct. 925 (1994)