The CITY OF KANSAS CITY,
KANSAS, Appellant,

v.

Robert D. TAYLOR and Doris
J. Taylor, Appellees.

Civil Action No. 96–2373–KHV.
Bankruptcy No. 93–22265.
Adversary No. 95–6066.

United States District Court,
D. Kansas.

Aug. 13, 1997.

James L. Farmer, Law Offices of James L. Farmer, Kansas City, KS, for Debtors/defendants.

Edward H. Powers, Sr., Kansas City, KS, for appellant.

Eric C. Rajala, trustee, Overland Park, KS, pro se.

### Memorandum and Order

VRATIL, District Judge.

The bankruptcy court discharged a debt which appellees Robert D. Taylor and Doris J. Taylor (the "Taylors") owed to the City of Kansas City, Kansas (the "City"). The City appeals. After examining the briefs and the record, the Court has determined that oral argument is not needed. The facts and legal arguments are adequately presented in the briefs and the record, and oral argument would not significantly aid the Court's decision.

### FACTS

The parties agree on the essential facts, and they are set forth in the bankruptcy court opinion. For ease of reference, however, the Court sets forth an abbreviated version of the facts.

The Taylors reside at 2630 North 99th Street in Kansas City, Kansas. On December 31, 1991, the City commenced an eminent domain proceeding in connection with its reconstruction of 99th Street. During that proceeding, the City took an easement which affected the Taylors' property. The Wyandotte County District Court appointed appraisers pursuant to K.S.A. § 26–504, and they initially awarded $26,200 for the taking of the Taylors' property. To become vested and entitled to possession of the land under K.S.A. § 26–507, the City immediately paid the $26,200 to the Clerk of the Wyandotte County District Court. Thereafter, the Taylors—as authorized by K.S.A. § 26–510—withdrew the funds.

K.S.A. § 26–508 provides that if either party in a condemnation proceeding is dissatisfied with the amount of the appraisers' award, that party may appeal the award to

the district court and the district court will review the issue of damages de novo. The City appealed the award, and a jury determined that the Taylors were only entitled to $10,000 for the taking of their property. Accordingly, the court entered judgment for the City against the Taylors in the amount of $16,200—the difference between what the City owed and what the City had already paid the Taylors.

The Taylors timely appealed the jury verdict to the Kansas Supreme Court, requesting that a supersedeas bond be set. On August 20, 1993, the court set the bond at $16,200. Before they posted the bond, however, the Taylors filed this Chapter 7 bankruptcy case, listing the $16,200 judgment debt in their schedules.

The bankruptcy court noted that the $16,200 judgment debt to the City would be properly discharged unless it fell within one of the exceptions to discharge. The City argued that the Taylors should not be discharged because their debt fell under several exceptions. Specifically, the City claimed that the Taylors should not be discharged under 11 U.S.C. § 523(a)(2), (a)(4), (a)(6) and (a)(7). On July 3, 1996, the bankruptcy court granted summary judgment in favor of the Taylors, finding that none of these exceptions to discharge applied. The City appeals on three primary grounds: (1) it was denied an opportunity to present its case through oral argument and testimony; (2) the bankruptcy court had no jurisdiction to resolve this two-party dispute because it arose under state eminent domain law; and (3) the Taylors' conduct in this bankruptcy proceeding constituted fraud and fell within the exceptions to discharge cited above.

## DISCUSSION

In reviewing the bankruptcy court's decision, we use the standards that govern appellate review in other cases. That is, we review the bankruptcy court's legal determinations de novo and we review its findings of fact for clear error. *In re White,* 25 F.3d 931, 933 (10th Cir.1994). Since the parties in this case do not dispute the facts, our review focuses primarily on the legal findings of the bankruptcy court.

### A. Oral Argument and Testimony

The City argues that the bankruptcy court offered it no opportunity to present, through oral argument and testimony, the facts and the law pertinent to the resolution of this case. Specifically, the City contends that the bankruptcy court gave little regard to the City's position that the court was not authorized to interfere with an eminent domain proceeding and that the Taylors had committed fraud by filing for Chapter 7 bankruptcy. The City also contends that the bankruptcy court did not consider the law which the City submitted in support of its opposition to summary judgment and was not aware of the relevant facts. The City's brief states that "[m]uch law was submitted and not considered and no opportunity to present facts ever occurred...."

■■■ The City's substantive contentions are addressed below. With respect to the City's argument that it had no opportunity to present argument, the Court notes at the outset that consideration of a motion for summary judgment does not require an evidentiary hearing and that Rule 56 does not specifically provide for oral argument; rather, the bankruptcy court may decide the motion on the briefs. Fed.R.Civ.P. 78; *see also Covino v. Plaud,* 1994 WL 699177, *1 (10th Cir.1994), citing *Kennedy v. Meacham,* 540 F.2d 1057, 1061 n. 3 (10th Cir.1976). Appellant had a full opportunity to present evidence and relevant legal authority in its briefs to the bankruptcy court, and it did so.[1] In fact, Rule 56 required the City to respond to the Taylors' motion for summary judgment by setting forth specific facts showing that there was a genuine issue for trial as to those dispositive matters for which it carried the burden of proof. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape

---

1. To the extent that the City did not present evidence and relevant legal authority to the bank- ruptcy court, the problem must be attributed to the City itself, and not to the bankruptcy court.

summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 793 (10th Cir.1988). The Court has no reason to believe that the bankruptcy court did not fully consider the briefs which the City submitted. If the City's briefs did not identify factual disputes sufficient to defeat the Taylors' motion for summary judgment, the City may not now complain that oral argument would have provided it the opportunity to do so.

The Court now turns to its analysis whether the bankruptcy court made adequate factual and legal findings on the substantive issues.

### B. Jurisdiction of the Bankruptcy Court

■ The City argues that the bankruptcy court did not have jurisdiction to adjudicate the dispute between the Taylors and the City because such dispute originated as an eminent domain issue—a non-bankruptcy matter governed by state law. The City asserts that when the bankruptcy court discharged the $16,200 debt that the Taylors owed to the City, it in effect ruled that the Taylors were entitled to keep the full $26,200 and thus overruled the jury's decision that the Taylors were only entitled to $10,000.

In so arguing, the City reveals a fundamental misunderstanding of bankruptcy policy and procedure: specifically, the notion of discharge. It is true, as appellant argues, that state law governed the eminent domain proceedings which gave rise to this action. It is also true that bankruptcy courts have limited jurisdiction and should not invade the province of state courts. *See in re Gardner,* 913 F.2d 1515, 1517–18 (10th Cir.1990); *Prairie State Bank v. Allison* 72 B.R. 476, 478 (D.Kan.1987), citing *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In this case, however, those propositions are irrelevant. Bankruptcy courts have jurisdiction over "core proceedings." *Gardner,* 913 F.2d at 1517–18. Core proceedings include determinations as to the dischargeability of particular debts and objections to discharge. 28 U.S.C. 157(b)(2). The bankruptcy court's decision to discharge the Taylors' debt did not amount to a decision that the Taylors were entitled to keep the extra $16,200. The bankruptcy court in fact acknowledged that the debt was due and owing, but focused on whether the debt should be discharged. The Taylors' debt had been reduced to judgment by the time the bankruptcy court considered this discharge, and state law issues regarding eminent domain procedures had simply dropped out of the picture. The City by that time held an unsecured judgment debt. As the bankruptcy court explained, the judgment debt had to be discharged unless it fell within one of the exceptions to discharge enumerated in the Bankruptcy Code—regardless of how or why the debt arose. If the debt did not meet the criteria of any exception, it would be discharged just as any other unsecured creditor's debt would be discharged. The bankruptcy court thus had jurisdiction to determine whether any such exceptions applied to the Taylors' debt to the City.

### C. Fraud and Other Exceptions to Discharge

The City next argues that even if the bankruptcy court had jurisdiction over the Taylors' debt to the City, the debt was not dischargeable under 11 U.S.C. § 523.

### 1. 11 U.S.C. § 523(a)(2)

■ Under 11 U.S.C. § 523(a)(2), a bankruptcy court will not discharge any debt for money obtained by false pretenses, false representation, or actual fraud. The City alleges that the Taylors fraudulently filed for Chapter 7 bankruptcy in order to avoid paying the City the $16,200 which they owed.

Even if the City's allegation is true, the bankruptcy court properly decided that the debt was not dischargeable under § 523(a)(2). To be non-dischargeable under § 523(a)(2), the debt must have been obtained by false pretenses, false representation or fraud. The City has identified no such fraud in this case. In fact, the undisputed facts demonstrate that the City owed the Taylors money because it had taken part of their property. The City has not alleged that the Taylors fraudulently interfered with the appraisers or otherwise caused their ini-

tial estimation to exceed the actual property value. Furthermore, the record contains no evidence that the Taylors were engaged in fraudulent conduct when they withdrew the amount of the original award ($26,200) from the Clerk of the Wyandotte County District Court. Consequently, the bankruptcy court correctly determined that the Taylors' debt was not non-dischargeable under § 523(a)(2).

### 2. 11 U.S.C. § 523(a)(4)

The City next claims that the bankruptcy court should have refused to discharge the Taylors' debt under 11 U.S.C. § 523(a)(4). That section provides that debtors may not be discharged where they have committed fraud or defalcation while acting in a fiduciary capacity or where they have committed embezzlement or larceny. The City argues that the Taylors held the $16,200 in trust, that they were acting as fiduciaries with respect to the City, and that the Taylors fraudulently filed for bankruptcy in an attempt to wrongfully retain money which belonged to the City.

The City sets forth no facts, however, which suggest that the Taylors entered into any kind of fiduciary relationship with the City. Moreover, it cites no authority which imposes such a relationship as a matter of law. The Kansas statutes which describe the eminent domain procedure do not create such a fiduciary relationship, and the Court's research has revealed no authority which imposes one under the circumstances. The record likewise reveals no reason to suspect larceny or embezzlement. The Taylors obtained the $16,200 lawfully, pursuant to K.S.A. § 26–510(b). Consequently, § 523(a)(4) does not provide an exception to discharge for the Taylors' debt to the City.

### 3. 11 U.S.C. § 523(a)(6)

Section 523(a)(6) provides an exception to discharge in cases where the debtor has willfully and maliciously injured another entity or the property of another entity. Although the City alleges that the Taylors' conduct fits within this exception to discharge, it is unclear what willful and malicious conduct the City alleges. The bankruptcy court was similarly perplexed by the City's position on this

issue. The City simply did not allege facts which would allow a finding that the Taylors had acted willfully and maliciously. In response to the Taylors' motion for summary judgment, the City was required to set forth specific facts showing that there was a genuine issue for trial as to those dispositive matters for which it carried the burden of proof *Applied Genetics*, 912 F.2d at 1241. Conclusory allegations do not suffice. Consequently, the bankruptcy court correctly found that the Taylors' debt was not non-dischargeable under § 523(a)(6).

### 4. 11 U.S.C. § 523(a)(7)

Section 523(a)(7) provides an exception to discharge to the extent that the subject debt is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss. The amount which the jury awarded the City in the eminent domain proceeding cannot be characterized as a fine or a penalty, nor does it arise from a forfeiture. The debt cannot fairly be characterized as anything other than a judgment debt. In fact, the debt was compensation for actual pecuniary loss—the difference between the amount the City paid the Taylors and the amount to which they were entitled—and thus it falls squarely *outside* the exception to discharge provided by § 523(a)(7).

### D. Conclusion

In attempting to overturn the decision of the bankruptcy court, the City advances two main arguments. Neither can prevail. First, the City argues that the Taylors' judgment debt should be treated differently than other judgment debts in bankruptcy because the City is a government entity and it acted initially under its power of eminent domain. Such argument is unavailing. The condemnation statute itself does not support it. Kansas law provides that the appraisers' award may be paid to the property owner and establishes a method of recoupment if a court later finds that the property owner has been overpaid. As the bankruptcy court noted, the Taylors' obligation to repay the City is thus "of the kind regularly discharged in

bankruptcy, an unsecured debt reduced to judgment."

█ The City's second argument, interlaced throughout the City's briefs, is that the Taylors were solvent and filed their bankruptcy petition in bad faith, in order to avoid repayment of their $16,200 debt to the City. As the bankruptcy court pointed out, this position should have been advanced at the beginning of the proceedings by a motion to dismiss the petition for bad faith filing. In any event, at this point the City has made no showing that the Taylors filed their petition in bad faith, nor has the City shown that the debt falls within any exception to the discharge which 11 U.S.C. § 727 provided the debtors.

**IT IS THEREFORE ORDERED** that the *Memorandum Opinion* of the bankruptcy court (Doc. # 19) and the *Judgment* on that decision (Doc. # 20), both filed July 3, 1996, be and hereby are affirmed.